In the Matter of the ESTATE OF Marie T. PFEIFFER, Deceased,

STATE of Indiana, DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

Robert Dean HENRY, Executor of the Estate of Marie T. Pfeiffer, Deceased, Appellee (Respondent Below).

No. 1-283A35.

Court of Appeals of Indiana, First District.

Aug. 22, 1983.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Dan S. Larue, Deputy Attys. Gen., Indianapolis, for appellant.

F. Jefferson Crump III, Jewell, Crump & Angermeier, Columbus, for appellee.

ROBERTSON, Presiding Judge.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the trial court's denial of its petition for rehearing, reappraisement, and redetermination of inheritance tax of the estate of Marie T. Pfeiffer (Estate). The Department challenged the Estate's method of allocating deductions on a pro rata basis between a residuary legatee and a specific devisee.

We reverse and remand.

Marie T. Pfeiffer died testate on December 19, 1980. Her will contained the following provisions:

### ARTICLE I.

I direct that My Executor settle my estate as promptly as in his discretion may appear advisable in consonance with a maximum realization from the assets of my estate. In connection with such settlement, I direct my Executor to pay all of my just debts, including all funeral and burial costs and expenses of my last illness, and costs and expenses of the administering and settling of my estate and any debts I may owe at the time of my death.

I direct my Executor to pay out of my estate all estate, inheritance tax, succession and other taxes, whether State or Federal, which may be assessed as a result of my death, with respect to the value of my property, which term shall be

construed as including insurance and all interest of any type in property, without regard to whether such property passes under this Will or whether such taxes be payable by my estate or by the recipient of such property or any beneficiary or beneficiaries under this Will. My Executor shall not seek reimbursement from any owner or beneficiary for any such taxes so paid.

## ARTICLE II.

I hereby give and bequeath to Robert Dean Henry, all automobiles, household goods, furnishings, personal effects, including, but not limited to, jewelry, silverware, books and pictures, and other tangible personal property not intended for investment or income purposes if he survives me for thirty (30) days, or if the said Robert Dean Henry does not survive me for a period of thirty (30) days, then to the East Columbus Methodist Church, Columbus, Indiana.

## ARTICLE III.

I give, devise and bequeath my real estate, that being my residence located at 2440 Indiana Avenue, Columbus, Indiana, to the East Columbus Methodist Church, subject, however, to a life estate in Robert Dean Henry. It is my desire, if possible, that after the death of Robert Dean Henry, the residence be used as a residence for the custodian of the East Columbus Methodist Church.

## ARTICLE IV.

After Articles I, II and III have been complied with, I give, devise and bequeath all the remainder of my property, both real and personal, wheresoever situate of which I may die seized or possessed to the East Columbus Methodist Church, Columbus, Indiana.

1. The parties have incorrectly characterized the residuary bequest as a devise. The Church,

## ARTICLE V.

I appoint Robert Dean Henry as the Executor of this my Last Will and Testament.

The facts disclose that the residuary consisted of bank accounts totaling $5,331.51. The Estate had deductions of $6,814.71. The Estate allocated $3,680.42 of the deductions to R. Dean Henry, the individual beneficiary, and the remainder to the Columbus Methodist Church. There is no dispute concerning the propriety of the deductions, rather, the Department challenges the Estate's method of allocating the deductions.

The parties have stipulated that the issue to be decided is:

Where a decedent's will provides that expenses are to be paid by the residuary devisee [1] and where the expenses abate the entire residuary devise plus some of the specific devises, should the deductions under the provisions of Ind.Code 6–4.1–3–13(b) be allocated on a pro rata basis among all of the probate property of the decedent, or should they be appropriated first to the extent that the residuary devise was abated, then apportioning the remainder of the deductions against the specific devises to the extent that and in the order that they were abated in order to pay the expenses.

The parties also stipulated that the residuary assets, consisting of the bank accounts, were used to pay the Estate's expenses which constituted the deductions. The amount of money in controversy is $287.94.

The Estate argues that deductions pursuant to I.C. 6–4.1–3–13(b) may be prorated against the value of all probate interests even though the will requires payment of expenses from the residuary. The relevant language of I.C. 6–4.1–3–13(b) provides:

The following items, and no others, may be deducted from the value of property interests transferred by a resident decedent under his will, under the laws of intestate succession, or under a trust:

however, is a devisee pursuant to Article III of the will.

The Estate argues the statutory language must be given its plain and ordinary meaning, *Sidell v. Review Bd. of Indiana Employment Sec. Division*, (1981) Ind.App., 428 N.E.2d 281, such that the language "the value of property interests transferred" allows deductions to be allocated proportionately between specific devisees and residuary legatees.

The will directs the expenses to be paid by the Estate and the residuary assets to pass to the Church. However, the residuary assets were expended to satisfy the debts of the Estate. The following definition of abatement was utilized in *American Fletcher Nat'l. Bank & Trust Co. v. American Fletcher Nat'l. Bank & Trust Co.*, (1974) 161 Ind.App. 166, 314 N.E.2d 810, where it provides:

> Abatement is the reduction of a legacy because of the insufficiency of the estate of the testator to pay all of his debts, charges, and legacies in full. If an estate proves insufficient for all purposes, the law makes provision for abatement, and it is only out of the balance remaining after payment of all debts of the testator and obligations of his estate that a testamentary gift may be made, and the testator is deemed to have executed his will subject to such limitation. 96 C.J.S. Wills § 1153, p. 955.

314 N.E.2d at 819, Footnote 2.

In the present case, the residuary assets abated.

Ind.Code 29–1–17–3 contains the following language concerning abatement:

> Sec. 3. (a) Except as provided in subsection (b) hereof, shares of the distributees shall abate, for the payment of claims, legacies, the widow's or family allowance, the shares of pretermitted heirs or the share of the surviving spouse who elects to take against the will, without any preference or priority as between real and personal property, in the following order:
>
> (1) Property not disposed of by the will;

(2) Property devised to the residuary devisee;

(3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee;

(4) Property specifically devised.

> A general devise charged on any specific property or fund shall, for purposes of abatement be deemed property specifically devised to the extent of the value of the thing on which it is charged. Upon the failure or insufficiency of the thing on which it is charged, it shall be deemed property not specifically devised to the extent of such failure of insufficiency.
>
> (b) If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection (a) hereof, the shares of distributees shall abate in such other manner as may be found necessary to give effect to the intention of the testator.

The Department contends the proper method of calculating the tax should have been made by subtracting the deduction from the residue of the estate and apportioning the remainder of the deductions which exceed the residuary assets between the specific devisees pursuant to I.C. 29–1–17–3.[2]

▇▇▇ The Estate's method of apportioning the deductions is incorrect. When examining a will, the main purpose is to determine and carry out the testator's intent. If the language of the will is unambiguous and clearly expresses the testator's intent, the language must govern. *Matter of Estate of Hensley*, (1980), Ind.App., 413 N.E.2d 315. In the present case, the will directs the expenses to be paid from the residuary assets. The $5,533.51 in residuary assets did not pass to the Church because these funds were used to pay the expenses. Logic dictates that a deduction must be attributed only to the party which expends the resources which constitute the deduction. Thus, the Estate must deduct the full

2. The Estate had $6,814.71 in deductions and the value of the residuary assets was $5,533.51.

Thus, the Department argues $1,281.20 should be apportioned.

amount of the residuary assets, $5,533.51, because these assets were utilized to pay the deductible expenses. These assets did not pass to the Church. The remaining $1,281.20 in deductions should be attributed to the parties pursuant to I.C. 29–1–17–3 because the gift abated and this statute delineates the priorities upon abatement.

The Estate argues that the Department's method can lead to two similar estates having different tax liability. It also asserts that ambiguity in taxing statutes must be construed against the taxing authority. *State v. Estate of Weinstein,* (1967) 141 Ind.App. 399, 229 N.E.2d 741. Since I.C. 6–4.1–3–13(b) does not expressly prohibit prorating deductions, the Estate argues the ambiguity must be resolved in its favor.

Although this court must construe taxing statutes most strictly against the taxing authority, it is a recognized exception to this rule of construction, that any ambiguity in an exemption statute must be construed against the party claiming the exemption. *State Department of Revenue, Inheritance Tax Division v. Estate of Powell,* (1975) 165 Ind.App. 482, 333 N.E.2d 92. We believe that deductions should be treated similarly, such that the taxpayer must demonstrate he has qualified for the deductions. While I.C. 6–4.1–3–13(b) does not prohibit prorating of deductions, it certainly does not mandate such a procedure. Pursuant to the will, the testator clearly expressed the intent to pay the taxes and debts from the residuary assets. The deduction should be attributed to its actual expenditure.

The Estate has included a hypothetical example demonstrating that two similar estates could make similar bequests, yet have different tax liability because the bequests were specific rather than general. The Estate argues that prorating the deductions allows for consistent tax liability. It may be conceded by many students and practitioners of estate work that although the details of said work may appear to be minutiae, these distinctions constitute subtle, yet important nuances of the law. These nuances allow for greater flexibility in es-

tate planning. In the present case, the will provides the Estate was to pay the deductible expenses. To adopt the Estate's position would require us to ignore the express provisions of the will.

The decision is reversed and remanded for proceedings consistent with this opinion.

RATLIFF and NEAL, JJ., concur.