In the Matter of the ESTATE OF
Elizabeth D. COOK, Deceased.

No. 70A01–8805–CV–170.

Court of Appeals of Indiana,
First District.

Oct. 25, 1988.

Linley E. Pearson, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., Indianapolis, for appellant.

Robert J. Eder, Earnest, Foster, Eder, Levi & Northam, Rushville, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

The Indiana Department of State Revenue, Inheritance Tax Division (the State), appeals an adverse judgment entered by the Rush Circuit Court denying its petition for rehearing and redetermination of tax.

We affirm.

## STATEMENT OF THE FACTS AND ISSUE

Elizabeth D. Cook (the decedent) died testate after which her last will and testament naming her only heir, her son, Charles E. Cook (Cook), as sole beneficiary and executor was admitted to probate on October 2, 1986. The court appointed Cook executor and authorized administration without supervision. During the administration of the estate, Cook, acting under his authority as executor, sold the decedent's real estate located in Rushville, Indiana, utilizing the services of a realtor and an abstractor. The expenses for the services of the realtor and abstractor, $3,850 and $290 respectively, were listed as a deduction under Schedule D in the schedule of all property. Cook stated that the reason for the sale was that he lived in Crown Point and the Rushville property was of no use to him as he had no experience in handling rentals. The proceeds of 'the sale were ultimately distributed to Cook personally upon final settlement of the estate.

The State challenges the inclusion of the realtor and abstractor's fees in Schedule D. Exclusion of those fees would increase the estate tax liability $207.

## DISCUSSION AND DECISION

 Where a personal representative is authorized to proceed with unsupervised administration, he has the power to sell estate real estate at public or private sale and employ agents and persons to assist him. He has the power to pay all expenses incurred in the administration of the estate. IND. CODE 29-1-7.5-3. Under IND. CODE 29-1-15-21 a personal representative may employ a broker and incur abstract fees in selling real estate. Making distribution of the estate or any part thereof is a proper basis for a sale of real estate. IND. CODE 29-1-15-3(f). The power of the unsupervised personal representative to employ personnel to assist him in disposing of estate property is limited only to that which the court determines to be reasonable. 1B G. Henry, *Probate Law and Practice* at 605 (7th ed. 1978).

IND. CODE 6-4.1-3-13 permits certain deductions from the gross estate for inheritance tax purposes.

(a) For purposes of this section, the term "property subject to the inheritance tax" means property transferred by a decedent under a taxable transfer.

(b) The following items, and no others, may be deducted from the value of property interests transferred by a resident decedent under his will, under the laws of intestate succession, or under a trust:

* * * * * *

(9) Expenses incurred in administering property subject to the inheritance tax, including but not limited to reasonable attorney fees, personal representative fees, and trustee fees;

 Conceding that Indiana has no statute or case which so holds, the State argues that a sole heir—executor may not deduct the expenses of selling real estate where the sale was for his benefit and not for the benefit of the estate. It argues that an ambiguity exists in the statutory scheme, in which case we must construe it against the party claiming the deduction. *Matter of Estate of Pfeiffer* (1983), Ind. App., 452 N.E.2d 448. The State further claims that an expense that is not actually necessary for the settlement of the estate

does not constitute an administrative expense for tax purposes. Hence, it concludes that the expenses incurred here were for the benefit of the sole heir and not the estate. Thus, it does not qualify as a Schedule D deduction.

■ We accept the argument that costs and expenses of administration are generally considered those necessary in the administration of the estate, and that only proper expenses are eligible for Schedule D deductions. We agree that excessive expenses or those incurred in matters not connected with the estate are not deductible. However, we reject the contention that reasonable expenses incurred in selling the property of the estate are deductible only if the sale is absolutely necessary in order to pay the decedent's debts, expenses of administration, taxes, expenses necessary to preserve the estate, or to effect distribution.

In order to resolve this case we need not engage in statutory construction or analyze minutely the cases from other jurisdictions and the statutes upon which they were decided, for the statutory scheme in Indiana is clear and unambiguous. *In re Estate of Coffman* (1979), 181 Ind.App. 348, 391 N.E.2d 861. The determination and collection of inheritance taxes and the rights and obligations of both the Department of State Revenue and the taxpayers are governed exclusively by statute. *Indiana Department of State Revenue v. Estate of Rogers* (1984), Ind.App., 459 N.E.2d 69.

In this instance the executor was empowered by statute to sell the real estate in order to make distribution. The statute does not, as urged by the State, impose any limitation upon that power because only one beneficiary existed instead of several. The statutes authorize him to incur these expenses. The fees charged are not alleged to be unreasonable. In plain words, the statute provides that expenses incurred in administering property subject to inheritance tax are deductible. Consequently, realtor and abstract fees are deductible.

All experienced probate practitioners are aware that in the administration of estates decisions are commonly made which reflect the personal desires of the beneficiaries and are not governed by some stark necessity. Such decisions include the desire of a widow or heir or multiple heirs, to distribute a going business in kind or sell it, cash securities or keep them, and sell real estate or personal property where retaining it is inconvenient, cumbersome, or impractical. The interest of the estate normally parallels that of the beneficiaries. If the legislature had desired that expenses incurred as a result of these judgment matters be excluded from Schedule D deductions, it would have said so. It did not. It is not our prerogative to enlarge upon the legislative policy.

For the above reasons, this cause is affirmed.

JUDGMENT AFFIRMED.

RATLIFF, C.J., and SULLIVAN, J., concur.