INDIANA DEPARTMENT OF STATE
REVENUE, INHERITANCE TAX
DIVISION, Appellant,

v.

The ESTATE OF Elizabeth
J. BRANDEWIEDE,
Appellee.

No. 49T10–0608–TA–72.

Tax Court of Indiana.

Sept. 6, 2007.

Steve Carter, Attorney General of Indiana, Kristen M. Kemp, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Thomas C. Bigley, Jr., Jason H. Guthrie, Sharpnack Bigley Stroh & Washburn LLP, Columbus, IN, Attorneys for Appellee.

FISHER, J.

The Indiana Department of State Revenue, Inheritance Tax Division (Department) appeals the Bartholomew County Superior Court's (probate court) order determining the Indiana inheritance tax liability of the Estate of Elizabeth J. Brandewiede (Estate). The issue before the Court is whether the probate court erred when it determined that the Estate properly allocated its deductions.

## FACTS AND PROCEDURAL HISTORY

Elizabeth J. Brandewiede died testate on February 23, 2005. Her will contained the following relevant provisions:

### ITEM I

I direct the payment of all my just debts, my last illness and funeral expenses and costs of administration of my estate as soon after my death as may conveniently be done.

\* \* \* \* \* \*

### ITEM V

I give, devise and bequeath to my nephew, Edward Brandewiede, and my niece, Marietta Brandewiede, in equal shares, share and share alike, any shares of the common stock of Arvin Industries, Inc., any old coins that I may own at the time of my death, all my antique furnishings, jewelry, silver flatware, dishes[,] and household goods then in my residence.

### ITEM VI

I give, devise and bequeath to my friend, Josie Hudson ... the phonograph record collection and any automobile I may own at the time of my death.

### ITEM VII

I give, devise and bequeath all the residue remaining after the bequests made herein, including the property hereinbefore disposed of if the disposition thereof by reason of lapse or other causes shall fail to take effect, to the Columbus Ward of the Church of Jesus Christ of Latter-day Saints.

(Appellant's App. at 15–16.) At the time of her death, Elizabeth also owned two retirement accounts (IRAs). Elizabeth had previously named Edward and Marietta as the beneficiaries of one of the IRAs, and Marietta's four children, Jackie, Joann, Daniel and Jimmy, as the beneficiaries of the other IRA. (*See* Appellant's App. at 10.)

On November 29, 2005, the Estate filed its Indiana inheritance tax return. The return indicated that the gross value of the Estate was $113,835.79 and that it was entitled to deductions of $50,228.75. (*See* Appellant's App. at 5, 12.) The Estate allocated $46,059.25 of these deductions to the $46,059.25 value of the combined probate and non-probate interests received by Edward, Marietta, Jackie, Joann, Daniel and Jimmy [1]; the remaining deductions of

---

1. Edward and Marietta, as the beneficiaries of one of Elizabeth's IRAs and as the recipients

$4,169.50 were allocated to the residuary. (*See* Appellant's App. at 6.) In allocating the deductions in this manner, the Estate reported a zero Indiana inheritance tax liability: first, the otherwise taxable transfers to Marietta, Edward, Jackie, Joann, Daniel and Jimmy had been reduced to a zero value; second, everything that remained in the residuary was exempt from tax because it was transferred to the Columbus Ward of the Church of Jesus Christ of Latterday Saints. *See* IND.CODE ANN. § 6–4.1–3–1 (West 2005) (exempting transfers to entities organized for, *inter alia,* religious purposes). On December 16, 2005, the probate court entered an order accepting the Estate's inheritance tax return as filed.

On March 16, 2006, the Department filed a "Petition for Rehearing, Reappraisement and Redetermination of Inheritance and Transfer Tax" (Petition) with the probate court. In its Petition, the Department alleged that the Estate failed to properly allocate the deductions. More specifically, the Department alleged that, pursuant to Indiana Code § 29–1–17–3, the Estate was required to allocate all of the deductions to the residuary. As a result, the Depart-

ment claimed that the Estate actually owed inheritance tax of approximately $3,000.00.[2,3] (*See* Appellee's App. at 1 (footnotes added).)

On July 10, 2006, after conducting a hearing, the probate court issued an order denying the Department's Petition. On August 2, 2006, the Department filed an appeal with this Court. The Court heard the parties' oral arguments on March 23, 2007. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

■ The Indiana Tax Court acts as a true appellate tribunal when it reviews a probate court's determination concerning the amount of Indiana inheritance tax due. IND.CODE ANN. § 6–4.1–7–7 (West 2007); *Dep't of State Revenue, Inheritance Tax Div. v. Estate of Phelps,* 697 N.E.2d 506, 509 (Ind. Tax Ct.1998). Accordingly, while the Court will afford the probate court great deference in its role as the finder of fact, it will review the probate court's legal conclusions *de novo.*[4] *Id.* (citations omitted) (footnote added).

---

of her personal effects, were each entitled to an interest in the Estate valued at $14,127.34. (*See* Appellant's App. at 6, 9–10.) Jackie, Joann, Daniel and Jimmy, as the beneficiaries of Elizabeth's other IRA, were each entitled to an interest in the Estate valued at $4,451.14. (*See* Appellant's App. at 6, 10.)

2. In other words, by allocating the deductions to the residuary, the value of the transfers to Marietta, Edward, Jackie, Joann, Daniel and Jimmy would have remained intact (*see supra,* note 1) and therefore taxable.

3. In its Petition, the Department asserted that the Estate owed $3,014.14, but provided no supporting calculation. (*See* Appellee's App. at 1.) In its subsequent briefing to this Court, the Department provided a calculation indicating that the Estate owed $3,117.64, attributing the additional $103.50 to the tax due on the bequest to Josie Hudson, the value of

which the Estate had actually placed in the residuary. (*Cf.* Appellant's Br. at 5–6 *with* Appellant's App. at 6, 9.) Then, as the Department later admitted in its reply brief, while it had properly calculated the tax due on the transfer to Josie based on a value of $1,135.00 (the automobile was valued at $1,100.00 and the phonograph collection at $35.00), it had failed to remove the $35.00 from the total value of the personal property which had passed to Marietta and Edward. (*Cf.* Appellant's Reply Br. at 6 *with* Appellant's App. at 6, 9.) As a result of this error, the Department states that the Estate owes $3,115.20. (Appellant's Reply Br. at 6.)

4. Stated differently, this Court

will affirm the probate court's judgment upon any legal theory supported by evidence introduced at trial. More specifically, [it] will reverse the probate court's judg-

## DISCUSSION

In Indiana, "[a]n inheritance tax is imposed at the time of a decedent's death on certain property interest transfers made by him." IND.CODE ANN. § 6–4.1–2–1 (West 2005). This tax "is not a tax on the property of [the] decedent's estate, but a tax on the privilege of succeeding to [the] property rights of the deceased." *In re Estate of McNicholas v. State of Indiana,* 580 N.E.2d 978, 980–81 (Ind.Ct. App.1991) (citation omitted), *trans. denied.* Generally, the amount of inheritance tax due on each of the decedent's transfers is based on the fair market value (as of the date of the decedent's death) of the property interests transferred as well as the relationship between the decedent and the transferee. *See* IND.CODE ANN. §§ 6–4.1–5–1, –1.5 (West 2005). *See also* IND.CODE ANN. § 6–4.1–1–3 (West 2005).

Pursuant to Indiana Code § 6–4.1–3–13(b) and § 6–4.1–3–14(a), an estate may, when calculating the amount of Indiana inheritance tax due, deduct certain items from the value of the property interests that were transferred by the decedent. *See* IND.CODE ANN. § 6–4.1–3–13(b) (West 2005) (specifying the deductions that may be taken against interests transferred by will, intestacy, or trusts); IND.CODE ANN. § 6–4.1–3–14(a) (West 2005) (specifying the deductions that may be taken against interests transferred other than by will, intestacy, or trusts). For instance, a decedent's outstanding debts, certain tax liabilities, funeral expenses, and the costs of administering his/her estate may be deducted. *See* A.I.C. §§ 6–4.1–3–13(b); –14(a). Neither one of these statutes, however, provides any guidance as to how the deductions are to be allocated. *See* A.I.C.

§§ 6–4.1–3–13(b); –14(a). *See also In re Estate of Pfeiffer,* 452 N.E.2d 448, 452 (Ind.Ct.App.1983).

On appeal, the Department maintains that the Estate was required to allocate its deductions entirely against the residuary. To support its claim, the Department relies on Indiana Code § 29–1–17–3, which provides:

(a) Except as provided in subsection (b) hereof, shares of the distributees shall abate, for the payment of claims . . . without any preference or priority as between real and personal property, in the following order:

(1) Property not disposed of by the will.

(2) Property devised to the residuary devisee.

(3) Property disposed of by the will but not specifically devised and not devised to the residuary devisee.

(4) Property specifically devised.

A general devise charged on any specific property or fund shall, for purposes of abatement be deemed property specifically devised to the extent of the value of the thing on which it is charged. Upon the failure or insufficiency of the thing on which it is charged, it shall be deemed property not specifically devised to the extent of such failure or insufficiency.

(b) If the provisions of the will or the testamentary plan or the express or implied purpose of the devise would be defeated by the order of abatement stated in subsection (a) hereof, the shares of distributees shall abate in such other manner as may be found

---

ment only if there is no substantial evidence of probative value to support the judgment. [It] will not reweigh the evidence, nor will it assess witness credibility.

*Estate of Hibbs v. Indiana Dep't of State Revenue, Inheritance Tax Div.,* 636 N.E.2d 204, 206 (Ind. Tax Ct.1994) (internal quotation marks and citations omitted).

necessary to give effect to the intention of the testator.

IND.CODE ANN. § 29–1–17–3 (West 2005). The Department explains that "[t]he crux of th[is] statute is that . . . when an estate has a[ claim] that it must pay, it is not allowed to just haphazardly pay for the item from any portion of the estate assets." (Appellant's Reply Br. at 4.) Rather, it "is bound . . . to take first from shares not distributed by the will, next by the residuary share, and so on. The purpose of requiring such an approach is to preserve, as much as possible, the bequests to those at the highest rung of the inheritance ladder—beneficiaries of property specifically devised." (Appellant's Reply Br. at 4.) Thus, the Department continues, Indiana Code § 29–1–17–3 "protect[ed] every beneficial interest [in this case] *except* that portion of the estate designated as the 'residue,' which is the portion passing to the Columbus Ward of the Church of Jesus Christ of Latter[ ]day Saints." (Appellant's Reply Br. at 4 (footnote omitted).)[5]

 The Estate responds, however, that the Department's reliance on Indiana Code § 29–1–17–3 is misplaced, as it addresses the issue of abatement and not deduction allocation.[6] (*See* Appellee's Br. at 3 (footnote added).) Consequently, the Estate argues that, pursuant to Indiana Code § 6–4.1–3–14(a), it was within its discretion to allocate the deductions to the non-probate transfers to Marietta, Edward, Jackie, Joann, Daniel and Jimmy. (*See* Appellee's Br. at 4–6.) The Court, however, disagrees.

 While both Indiana Code § 6–4.1–3–13(b) and Indiana Code § 6–4.1–3–14(a) are silent with respect to how deductions are to be allocated, the Court of Appeals has previously explained that "[l]ogic dictates that [the] deduction must be attributed only to the party which expends the resources which constitute the deduction." *Estate of Pfeiffer*, 452 N.E.2d at 451. In other words, "[t]he deduction should be attributed to its actual expenditure." *Id.* at 452. In this case, the Estate admits that while it allocated the deductions to the transfers to Marietta, Edward, Jackie, Joann, Daniel and Jimmy, the expenses were actually paid from the residuary assets. (*See* Oral Argument Tr. at 13–14.) Thus, pursuant to the holding in *Estate of Pfeiffer*, the Estate's method of allocating the deductions is incorrect.[7]

---

**5.** In other words, the Department maintains that, pursuant to Indiana Code § 29–1–17–3, when the Estate paid Elizabeth's outstanding debts, tax liabilities, funeral expenses, and its administration costs, those expenses were required to be paid from the residuary. (*See* Appellant's Reply Br. at 5.)

**6.** Abatement is defined as
> the reduction of a legacy because of the insufficiency of the estate of the testator to pay all of his debts, charges, and legacies in full. If an estate proves insufficient for all purposes, the law makes provision for abatement, and it is only out of the balance remaining after payment of all debts of the testator and obligations of his estate that a testamentary gift may be made, and the testator is deemed to have executed his will subject to such limitation.

*American Fletcher Nat'l Bank & Trust Co. v. American Fletcher Nat'l Bank & Trust Co.*, 161 Ind.App. 166, 314 N.E.2d 810, 819 n. 2 (Ind. Ct.App.1974) (emphasis and citation omitted).

**7.** The Estate has, in turn, advanced two arguments as to why it believes allocating the deductions to the residuary is incorrect. First, it argues that the holding in *Estate of Pfeiffer* is not applicable because that case involved a will which directed that the decedent's expenses be paid from the residuary estate whereas, in this case, Elizabeth's will merely provided that the expenses be paid "as soon as possible." (Appellee's Br. at 3–4; Oral Argument Tr. at 12.) This argument, however, does nothing more than elevate the facts in *Estate of Pfeiffer* over its actual holding.

## CONCLUSION

The probate court erred when it determined that the Estate properly allocated its deductions. The judgment of the probate court is therefore REVERSED. This case is remanded to the Bartholomew Superior Court to calculate the amount of inheritance tax due, including any applicable interest, consistent with this opinion.[8]

The Estate's second contention is that the allocation of the deductions to the residuary not only amounts to the taxation of a charity, but also defeats the very purpose of the deductions themselves: to reduce inheritance tax liability. (*See* Appellee's Br. at 4–5; Oral Argument Tr. at 12–13, 16–18.) In other words, the Estate argues that by allocating the deductions against the already exempt residue, the benefits of the deductions are lost entirely. This contention, however, confuses two essential points.

First, for purposes of calculating Indiana inheritance tax, the deductions come before the exemptions. (*See* Appellant's App. at 5–6 (the Indiana inheritance tax return provides that the value of the gross estate is reduced by the applicable deductions to arrive at a taxable value; the taxable value is then disbursed to the beneficiaries, with each of those shares then being reduced by any applicable exemptions).) Thus, a deduction cannot be "lost" through the application of an exemption. Second, a "residuary estate" is "[t]he part of a decedent's estate remaining *after* payment of all debts, expenses, statutory claims, taxes, and testamentary gifts (special, general, and demonstrative) [] have been made." BLACK'S LAW DICTIONARY 589 (8th ed.2004) (emphasis added). Consequently, the Church of the Latterday Saints, as the beneficiary of the residuary of Elizabeth's Estate, can take only what was left after all claims, expenses, and gifts have been made. In this case, after all gifts were made and claims paid, the residuary was valued at approximately $16,000. (*See* Appellant's App. at 6; Oral Argument Tr. at 14, 27, 32.) In turn, the Church received the $16,000 tax exempt.

8. On a final note, the Estate has claimed that if it is indeed liable for the Indiana inheritance tax, the Department is precluded from requesting anything beyond its initial determination of $3,014.14. (*See* Appellee Br. at 5–6 (claiming that the Department's ultimate request of $3,115.20 is tantamount to raising a new issue or arguing a different theory of recovery on appeal).) *See also supra*, note 4. Because the probate court must, on remand, calculate the proper amount of tax due from the Estate, the Estate's claim will necessarily be resolved at that point.