

IN THE

# Court of Appeals of Indiana

In the Matter of the Revocable Trust of John R. Mohr and
Maxine Mohr Dated June 5, 2003 and Restated Dated
December 23, 2021

and

In the Matter of the Estate of John R. Mohr;

Angel M. Mohr,

*Appellant*

v.

Star A. Johnston,

*Appellee*



FILED

Jul 09 2025, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 9, 2025

Court of Appeals Case No.
25A-TR-59

Appeal from the Allen Superior Court

The Honorable Phillip E. Houk, Magistrate

---

**Opinion by Judge Tavitas**
Chief Judge Altice and Judge Brown concur.

**Tavitas, Judge.**

## Case Summary

This consolidated appeal involves a dispute between two sisters—Angel Mohr and Star Johnston—who were named as co-personal representatives and co-trustees of their father's estate. The sisters have been embroiled in conflict for many years. After their father's death, the conflict resulted in numerous filings regarding their father's will and trust. Mohr appeals the trial court's grant of summary judgment to Johnston and the trial court's denial of Mohr's cross motion for summary judgment in actions involving the supervised Estate of John R. Mohr ("Father") and the Revocable Trust of John R. Mohr and Maxine Mohr ("Mother"). Mohr argues that Johnston's legal actions triggered the no contest provision in Father's will. We conclude, however, that the no contest provision was not triggered, and the trial court did not err by granting Johnston's motion for summary judgment or by denying Mohr's cross motion for summary judgment. Accordingly, we affirm.

## Issue

Mohr raises two issues, which we consolidate and restate as whether the trial court erred by granting Johnston's motion for summary judgment and denying Mohr's cross motion for summary judgment. The central issue presented here is whether Johnston's legal actions triggered the no contest provision of Father's will.

## Facts

### Revocable Trust Provisions

Father and Mother (collectively "Parents") had two children—Johnston and Mohr (collectively, "Daughters")—who are now adults. Parents executed a Revocable Trust dated June 5, 2003. Mother died in October 2020, and Father restated the Revocable Trust on December 23, 2021. Father also amended the Revocable Trust on February 9, 2022. The Revocable Trust named Daughters as beneficiaries and successor co-trustees of the Revocable Trust.

### Will Provisions

At some point, Father met with his attorneys at Beers Mallers, LLP ("Beers Mallers"), to discuss his estate planning. On December 23, 2021, Father executed his Last Will and Testament ("Will"). The Will contained a pour-over provision, which distributed all of Father's probate estate to the Revocable Trust. Daughters were named as residuary beneficiaries of the Estate and joint personal representatives. The Will also contained the following provision:

> Section 7.04 Contest Provision

> If any person directly or indirectly attempts to oppose the validity of my Will or my Revocable Living Trust, including any amendments to my trust, or commences, continues, or prosecutes any legal proceedings to set my Will or Revocable Living Trust aside, then that person will forfeit his or her share, will cease to have any right or interest in my property, and will be considered to have predeceased me for the purposes of my Will.

Appellant's App. Vol. III p. 30.[1] Beers Mallers kept possession of Father's original Will.

## Estate Proceedings

[5] Father died on June 1, 2023. On June 29, 2023, Daughters met with Attorney Heidi Adair of Beers Mallers. Mohr asked that Daughters be placed in different rooms because of their "volatile relationship." *Id*. at 210. According to Attorney Adair, she would not have discussed the no contest clauses with Daughters at that time. Both Johnston and Mohr asked for the original Will. Because Beers Mallers could not give both Daughters the original, it retained the original Will.

---

[1] The Revocable Trust also provided:

> Section 14.03 Contest Provision
>
> If any person attempts to contest or oppose the validity of this trust or any amendment to this trust, or commences, continues, or prosecutes any legal proceedings to set this trust aside, then that person will forfeit his or her share, cease to have any right or interest in the trust property, and will be considered to have predeceased the last of us to die for purposes of this instrument.

Appellant's App. Vol. III p. 98. Mohr, however, makes no argument regarding this provision.

On July 5, 2023, Johnston filed a petition for the appointment of a personal representative and for supervised administration for Father's estate in Cause No. 02D02-2307-ES-19 ("Cause No. ES-19"). Johnston sought to be appointed as the sole personal representative; alleged that Father died intestate; and alleged that she had "been unable to locate an original Last Will and Testament of the Decedent." Appellant's App. Vol. II p. 26. The trial court issued an order appointing Johnston as personal representative.

On July 13, 2023, Beers Mallers filed a petition for probate of Father's Will without administration in Cause No. 02D03-2307-EM-202 ("Cause No. EM-202").

On July 19, 2023, Mohr filed a petition in Cause No. ES-19 to add herself as co-personal representative pursuant to the Will, and in September 2023, Mohr filed a motion to consolidate Cause No. EM-202 and Cause No. ES-19. The motion also requested the removal of Johnston as personal representative due to her alleged misrepresentations in her initial petition, actions that caused the Estate to incur costs, and a pattern of behavior to exclude Mohr. Mohr requested that she or a neutral third-party be appointed as successor personal representative. Further, Mohr requested that Johnston be sanctioned, that the Will's no contest provisions be enforced against Johnston, and that Johnston forfeit her share of Father's Estate.

Johnston responded to Mohr's petition on October 13, 2023, and consented to the consolidation of the two estate actions. Johnston disputed Mohr's claims

about her alleged misrepresentations, argued that she had not violated her duties as personal representative, and contended that Mohr was not qualified to serve as successor personal representative. Finally, Johnston argued that she had taken no actions to contest the Will and, in the event her legal action was considered a will contest, such was supported by good cause.

[10] After a case management conference was held, on October 17, 2023, the trial court found "the level of distrust and acrimony between [the parties] is such that neither party is appropriate to serve as Personal Representative." Appellant's App. Vol. III p. 11. The trial court removed Johnston as the personal representative and appointed a neutral third-party—Nathan Williams—to serve as successor personal representative.

## Revocable Trust Proceedings

[11] On August 28, 2023, Johnston filed a petition to docket the Revocable Trust in Cause No. 02D03-2308-TR-9 ("Cause No. TR-9") and a petition to remove Mohr as trustee, to assess damages for breach of trust, and to require Mohr to file an accounting. Johnston alleged that Mohr breached her duties as a trustee by: (1) failing to preserve property of the Revocable Trust; (2) failing to keep Johnston informed about the administration of the Revocable Trust; (3) intercepting Parents' mail and failing to disclose the contents to Johnston; (4) damaging property of the Revocable Trust; and (5) wrongfully obtaining possession of Revocable Trust property.

[12] Mohr also responded to Johnston's petition to remove her as a trustee and argued that Johnston had, in fact, breached her fiduciary duty as a trustee. Mohr requested that the trial court remove Johnston as trustee or, alternatively, appoint an independent successor trustee. Finally, Mohr argued that Johnston's actions triggered the no contest provision of the Revocable Trust, and Johnston should "take nothing by way of the Trust." *Id.* at 8.

### Consolidated Proceedings

[13] On October 13, 2023, Mohr filed a motion to consolidate Cause No. TR-9 and Cause No. EM-202 into Cause No. ES-19. On November 7, 2023, the trial court issued an order granting Mohr's motion to consolidate and appointed Williams as successor trustee.

[14] On June 27, 2024, Johnston filed a motion for summary judgment regarding the no contest provision. Johnston argued that: (1) she had taken no action to contest the validity of the Will or Revocable Trust; (2) she opened the Estate claiming Father was intestate on the advice of her counsel; (3) the Will's no contest provision is inapplicable because Johnston will receive property through the Trust rather than the Will; (4) Johnston's request to remove Mohr as co-trustee did not attempt to invalidate the Revocable Trust; and (5) Johnston had not violated an express no contest provision and, even if she did, she did so in good faith.

[15] On August 15, 2024, Mohr filed a response and cross motion for summary judgment. Mohr argued that Johnston opposed the validity of the Will by

declaring that Father died intestate and that Johnston's actions "frustrated Decedent's intent to have Co-Personal Representative[s] and Co-Trustees." Appellant's App. Vol. IX p. 237. Mohr, thus, argued that the no contest provisions were triggered by Johnston's actions.

[16] The trial court issued an order granting Johnston's motion for summary judgment and denying Mohr's cross motion for summary judgment on December 11, 2024. The trial court found:

> 1. Mohr alleges that by stating that the Decedent was "intestate" in the Petition To Appoint Personal Representative, Johnston violated the "no contest" provision of the Decedent's estate plan.
>
> 2. Johnston in fact became the duly appointed Personal Representative of [Father]'s estate. The Petition To Appoint Personal Representative that was presented to the Court did in fact allege that the Decedent was intestate. The record establishes that Johnston did have some reason to believe that a Will existed, but efforts to obtain the original Will document had not been successful.
>
> The statement that the Decedent was "intestate" in the Petition to Appoint Personal Representative was made upon advice of counsel and was consistent with the policies and procedures of the Allen Superior Court when the Petitioner does not have the original Will in their possession.
>
> In fact, until such time as the Will document was produced by a third party and ordered spread of record by the Court, 12 days after the opening of the estate and 47 days after [Father] passed away, the *decedent was intestate*.

3.  After the death of her father, Johnston never filed any action to contest the validity of the Will or of the Trust.

4.  Johnston's Petition For Court To Remove Individual Trustee To Assess Damages For Breach Of Trust And To Require Trustee To File an Accounting, filed August 28, 2023, was done so consistent with her fiduciary duty as a Co-Trustee.

5.  The designated evidence paints a clear picture of two beneficiaries who do not get along, but it does not support the contention that Johnston took any steps that would result in anything other than a distribution of [Father]'s assets consistent with the provisions of his estate plan.

Therefore, the Court GRANTS Johnston's Motion For Summary Judgment and DENIES Mohr's Cross Motion For Summary Judgment.  The Petition to Enforce the "no contest" clause is DENIED, as is the request for sanctions.

Appellant's App. Vol. XI pp. 60-61.  Mohr filed notices of appeal regarding the trial court's order in Cause No. ES-19 and Cause No. TR-9, and this Court consolidated the two appeals.

## Discussion and Decision

[17]  Mohr argues that the trial court erred by granting Johnston's motion for summary judgment and denying Mohr's cross motion for summary judgment. "We review summary judgment decisions de novo, and Trial Rule 56(C) supplies the framework." *Cave Quarries, Inc. v. Warex LLC*, 240 N.E.3d 681, 684 (Ind. 2024).  "The moving party is entitled to summary judgment only if the evidence it designates in support of its motion 'shows that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* at 684-85 (quoting Ind. Trial Rule 56(C)). The purpose of summary judgment is to withdraw issues from the jury only when there are no genuine factual issues for the jury to decide. *Id.* at 685. "Summary judgment is available when the nonmovant cannot prove its claim based on the undisputed evidence[.]" *Id.*

[18] The summary judgment movant has the burden of making a *prima facie* showing that there is no issue of material fact and that it is entitled to judgment as a matter of law. *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020). The burden then shifts to the non-moving party, which must then show the existence of a genuine issue of material fact. *Id.* On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party." *Id.*

[19] "We limit our review to the materials designated at the trial level." *Gunderson v. State, Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1175 (Ind. 2018). Because the trial court entered findings of fact and conclusions thereon, we also reiterate that findings of fact and conclusions thereon entered by the trial court aid our review, but they do not bind us. *In re Supervised Estate of Kent*, 99 N.E.3d 634, 637 (Ind. 2018). Finally, our standard of review or analysis is not altered by the parties' filing of cross motions for summary judgment—we simply "consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law." *Erie Indemnity Co. v. Estate of Harris*, 99 N.E.3d

625, 629 (Ind. 2018) (quoting *SCI Propane, LLC v. Frederick*, 39 N.E.3d 675, 677 (Ind. 2015)).

[20] Both motions for summary judgment here concern whether Johnston's conduct violated the no contest provisions of the Will. Mohr argues that she was entitled to summary judgment because Johnston violated the no contest provisions of the Will by: (1) filing a petition for the appointment of a personal representative and for supervised administration of Father's estate; (2) seeking appointment as sole personal representative; (3) alleging that Father died intestate; and (4) alleging that she had "been unable to locate an original Last Will and Testament of the Decedent." Appellant's App. Vol. II p. 26. Mohr argues that, "[b]y misrepresenting that [Father] died intestate, Johnston directly attempted to set aside all terms of the Will and disinherit the Trust." Appellant's Br. p. 24. Mohr also argues that Johnston's conduct frustrated the intent of the Will because Father intended Mohr and Johnston to be co-personal representatives[2] and intended that his estate pass to the Revocable Trust. Finally, Mohr argues that Johnston used her powers as personal representative to immediately begin investigating Mohr,[3] which frustrated Father's intent to avoid conflict over his estate. Alternatively, Mohr argues that

---

[2] We note that Mohr also filed motions to remove Johnston as personal representative and as co-trustee. Under Mohr's logic, the no contest provision would also apply to her.

[3] Johnston used her powers as personal representative to investigate claims that: (1) Mohr misused her status as Father's attorney-in-fact during his lifetime; and (2) Father obtained a loan on behalf of Mohr.

genuine issues of material fact exist, which precluded the trial court from granting Johnston's motion for summary judgment.

[21]  Mohr's arguments require that we interpret the Will and the relevant statutory provisions. "When examining a will, the main purpose is to determine and carry out the testator's intent." *In re Est. of Pfeiffer*, 452 N.E.2d 448, 451 (Ind. Ct. App. 1983). "If the language of the will is unambiguous and clearly expresses the testator's intent, the language must govern." *Id.* Similarly, in interpreting the relevant statutes, "our goal is to 'determine and give effect to the intent of the legislature.'" *Finnegan v. State*, 240 N.E.3d 1265, 1269 (Ind. 2024) (quoting *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1196 (Ind. 2016)). "We start with the statute's text and afford 'its words their plain meaning and consider the structure of the statute as a whole.'" *Id.* (quoting *ESPN*, 62 N.E.3d at 1195). We are mindful of what a statute says and does not say. *Id.*

[22]  The Will here provided:

> Section 7.04 Contest Provision
>
> If any person **directly or indirectly attempts to oppose the validity of my Will or my Revocable Living Trust, including any amendments to my trust, or commences, continues, or prosecutes any legal proceedings to set my Will or Revocable Living Trust aside**, then that person will forfeit his or her share, will cease to have any right or interest in my property, and will be considered to have predeceased me for the purposes of my Will.

Appellant's App. Vol. III p. 30 (emphasis added).

[23]     The probate code defines a "no contest provision" as:

> a provision of a will that, if given effect, would reduce or
> eliminate the interest of a beneficiary of the will who, directly or
> indirectly, initiates or otherwise pursues:
>
> (A) an action to contest the admissibility or validity of the will;
>
> (B) an action to set aside a term of the will; or
>
> (C) any other act to frustrate or defeat the testator's intent as
> expressed in the terms of the will.

Ind. Code § 29-1-1-3(25).[4]  Indiana Code Section 29-1-6-2 governs no contest

provisions in a will[5] and provides:

> (a)  Except as provided in subsection (b), **a no contest provision
> is enforceable according to the express terms of the no contest
> provision**.

---

[4] The trust statutes contain a similar definition.

> "No contest provision" refers to a provision of a trust instrument that, if given effect, would
> reduce or eliminate the interest of a beneficiary of the trust who, directly or indirectly, initiates
> or otherwise pursues:
>
> (A) an action to contest the validity of:
>
> > (i) the trust; or
> >
> > (ii) the terms of the trust;
>
> (B) an action to set aside or vary any term of the trust; or
>
> (C) any other act to frustrate or defeat the settlor's intent as expressed in the terms of the trust.

Ind. Code § 30-4-1-2(14).

[5]  Similarly, Indiana Code Section 30-4-2.1-3 governs no contest provisions in a trust.

(b)  Subsection (a) does not apply to the following proceedings:

> (1)  An action brought by a beneficiary if **good cause** is found by a court.
>
> (2)  An action brought by an executor or other fiduciary of a will that incorporates a no contest provision, unless the executor or other fiduciary is a beneficiary against whom the no contest provision is otherwise enforceable.
>
> (3)  An agreement, including a nonjudicial settlement agreement, among beneficiaries and any other interested persons to settle or resolve any other matter relating to a will or estate.
>
> (4)  An action to determine whether a proposed or pending motion or proceeding constitutes a contest.
>
> (5)  An action brought by or on behalf of a beneficiary to seek a ruling regarding the construction or interpretation of a will.
>
> (6)  An action or objection brought by a beneficiary, an executor, or other fiduciary that seeks a ruling on proposed distributions, fiduciary fees, or any other matter where a court has discretion.
>
> (7) An action brought by the attorney general . . . .

(emphasis added).

[24]  Indiana Code Section 29-1-6-2(a), thus, requires that we enforce the Will's no contest provision according to its express language.  Although Mohr argues, in

part, that Johnston's actions "frustrated the intent" of Father's Will, that language comes from the statutory definition of a no contest provision. *See* Ind. Code § 29-1-1-3(25). The actual provision at issue here, however, does not contain that language, and thus, the no contest provision is not triggered by actions that "frustrate the intent" of the Will. Rather, the no contest provision at issue here requires that we determine whether Johnston "directly or indirectly attempt[ed] to oppose the validity of [Father's] Will or [Father's] Revocable Living Trust . . . or commence[d], continue[d], or prosecute[d] any legal proceedings to set [Father's] Will or Revocable Living Trust aside." Appellant's App. III p. 30.

[25] The designated evidence shows that Johnston did not directly oppose the validity of the Will or Revocable Trust or commence legal proceedings to set aside the Will or Revocable Trust. *See* Ind. Code § 29-1-7-17 to -21 (discussing will contests). A will contest requires proof of:

> (1) the unsoundness of mind of the testator;
>
> (2) the undue execution of the will;
>
> (3) that the will was executed under duress or was obtained by fraud; or
>
> (4) any other valid objection to the will's validity or the probate of the will.

Ind. Code § 29-1-7-17. Johnston did not challenge Father's soundness of mind, allege undue execution of the Will, allege duress or fraud in executing the Will, or make any other objection to the Will's validity. Thus, the issue is whether the designated evidence shows that Johnston's conduct "indirectly attempt[ed]" to oppose the Will or Revocable Trust. Appellant's App. III p. 30.

[26] Mohr points to several of Johnston's legal actions, including: (1) seeking to be appointed as sole personal representative; (2) alleging that Father died intestate; and (3) alleging that Johnston had "been unable to locate an original Last Will and Testament of the Decedent." Appellant's App. Vol. II p. 26. The trial court, however, concluded that Johnston did not take "any steps that would result in anything other than a distribution of [Father's] assets consistent with the provisions of his estate plan." Appellant's App. Vol. XI p. 60. We agree.

[27] We note that, "when the original will cannot be located, it is not assumed to have been lost; rather, it is presumed to have been destroyed with the intent to revoke it." *Trowbridge v. Est. of Trowbridge*, 150 N.E.3d 220, 225 (Ind. Ct. App. 2020). "A duplicate will does not survive revocation of the original." *Id.*; *see also Est. of Fowler v. Perry*, 681 N.E.2d 739, 742 (Ind. Ct. App. 1997) ("Indiana attorneys often retain copies in their files of wills bearing original signatures and [] it is not uncommon for such copies to be offered and admitted to probate when there is no objection. However, in those cases where the original will cannot be found and an objection to probate is raised, it is well settled that there is a presumption that the will was destroyed with an intent to revoke."), *trans. denied*.

[28]    It is undisputed that Johnston did not have the original will in her possession and, thus, could not seek to admit the original Will to probate.[6] Shortly after Johnston's petition was filed, Beers Mallers, which had possession of the original Will, admitted the Will to probate. The trial court noted that, "until such time as the Will document was produced by a third party and ordered spread of record by the Court, 12 days after the opening of the estate and 47 days after John Mohr passed away, the *decedent was intestate*." Appellant's App. Vol. XI p. 60. Thus, although Johnston's petition could have been clearer about the situation, we cannot say her claims were an "indirect[ ] attempt[]" to oppose the Will or Revocable Trust.[7] Appellant's App. III p. 30.

---

[6] As personal representative, Johnston could then request that Beers Mallers deliver the Will to the court. *See* Ind. Code § 29-1-7-3(a) ("After the death of a person, the person having custody of the decedent's will: (1) may; or (2) shall, upon written demand by the personal representative or upon court order; deliver the will to the court which has jurisdiction of the administration of the decedent's estate.").

Mohr also contends that Johnston "was judicially estopped from changing her statements on [Father's] intestacy." Appellant's Br. p. 23. Johnston's responses to requests for admission indicate that Johnston was aware when she filed the petition that Father had executed a Will and that Beers Mallers was "in possession of an Original Will." Appellant's App. Vol. V p. 6. Johnston, however, also denied that she knew the Will was valid and had not been revoked. Johnston's statements in her petition and answers to the requests for admission do not necessarily conflict, and we do not find judicial estoppel applicable here.

[7] Mohr also claims that Johnston's allegation that Father was intestate was fraudulent and, thus, the no contest provision was triggered. In support of this argument, Mohr cites Indiana Code Section 29-1-20-1(b), which provides: "Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit." Mohr also cites Indiana Code Section 29-1-1-24, which provides:

> Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this probate code or if fraud is used to avoid or circumvent the provisions or purposes of this probate code, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud including restitution from any person (other than a bona fide purchaser) benefiting from the fraud, whether innocent or not.

These provisions, however, do not address no contest provisions, and "fraudulent" conduct does not necessarily amount to an indirect attempt to oppose the Will or Revocable Trust. Accordingly, we do not find Mohr's argument persuasive.

Although Mohr vigorously asserts that Johnston's conduct triggered the no contest provisions, many of Mohr's arguments are red herrings, and the designated evidence simply does not support that assertion or create a genuine issue of material fact.[8] Johnston's efforts to open the Estate are just that and nothing more. Mohr's attempts to read more into Johnston's actions are unpersuasive and do not establish a genuine issue of material fact or demonstrate that Mohr is entitled to summary judgment. Accordingly, we conclude that the trial court properly granted Johnston's motion for summary judgment and denied Mohr's cross motion for summary judgment.[9]

## Conclusion

The trial court properly granted Johnston's motion for summary judgment regarding the no contest provision, and the trial court properly denied Mohr's cross motion for summary judgment. Accordingly, we affirm.

Affirmed.

Altice, C.J., and Brown, J., concur.

---

[8] We need not address Mohr's advice-of-counsel argument because we conclude that Johnston's actions did not trigger the no contest provision.

[9] Moreover, even if Johnston's actions amounted to an indirect attempt to oppose the Will or Trust, a no contest provision is inapplicable to "[a]n action brought by a beneficiary if good cause is found by a court." Ind. Code § 29-1-6-2(b)(1). The designated evidence demonstrates that Johnston, a residual beneficiary, acted in good faith when she filed her petition to open the estate.

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Jeffrey A. Clark
Madison M. Heiney
Garrett A. McNamee
Burt Blee Dixon Sutton & Bloom
Fort Wayne, Indiana