ESTATE OF Earnest E. KUBA, by its
Executrix, Evelyn C. KUBA,
Appellant,

v.

RISTOW TRUCKING COMPANY, INC.,
and the Estate of Myron C.
Sheban, Appellee.

No. 94S00–8702–CQ–180.

Supreme Court of Indiana.

May 26, 1987.

Sherrill Wm. Colvin, John O. Feighner, Snouffer, Haller & Colvin, Fort Wayne, for appellant.

Charles W. McNagny, William F. McNagny, Barrett & McNagny, Fort Wayne, for appellee.

William F. Harvey, Indianapolis and Robert C. Beasley, Beasley Gilkinson Retherford Buckles & Clark, Muncie, Attys. for the Indiana Trial Lawyers Assn. as Amicus Curiae.

Robert B. Clemens, Indianapolis, Atty. for Insurance Institute of Indiana as Amicus Curiae.

DeBRULER, Justice.

This case comes before the court on certification of one principal and one subsidiary question, involving Indiana law, from the United States Court of Appeals for the Seventh Circuit. *See* Ind.R.App.P. 15(0).

A jury awarded $250,000.00 to appellant, Evelyn Kuba, as executrix of the estate of Earnest Kuba, and against appellees, estate of Myron Sheban and vicariously his employer, Ristow Trucking Co., Inc., in a wrongful death action resulting from a collision between Kuba's and Sheban's trucks. Both drivers were killed in the collision. Appellant had also asserted a claim for treble damages pursuant to I.C. § 34–4–30–1 due to the fact Sheban was driving while intoxicated. This certification arises from an appeal following the United States District Court decision entering a directed verdict against appellant on the treble damage claim.

The questions certified to us by the Seventh Circuit are:

1. Whether treble damages under I.C. § 34–4–30–1 are available in wrongful death actions in Indiana.

2. If so, whether the trebling is limited to the value of the physical property destroyed by the conduct that violates I.C. § 35–43 and supports the invocation of I.C. § 34–4–30–1.

We answer the question whether treble damages under I.C. § 34–4–30–1 are available in wrongful death actions in the negative and therefore need not address the second question presented.

I.C. § 34–4–30–1 reads as follows:

Offenses against property; damages; costs; attorney's fee Sec. 1. If a person suffers a pecuniary loss as a result of a violation of I.C. § 35–43, he may bring a civil action against the person who caused the loss for:

1. an amount not to exceed three (3) times his actual damages;

2. the costs of the action; and

3. a reasonable attorney's fee.

I.C. § 35–43 contains, among others, the offense of criminal mischief, a crime which is committed when a person "recklessly, knowingly or intentionally damages the property of another without his consent." I.C. § 35–43–1–2(1).

The question certified by the Seventh Circuit addresses whether a claim for treble damages is available in wrongful death actions. In *Obremski v. Henderson* (1986), Ind., 497 N.E.2d 909, this court held that "a complaint which alleges that the defendant drove his car in a manner which was reckless, knowing or intentional adequately states a claim under Ind.Code § 34–4–30–1", the treble damages statute. Appellant relies on the fact Sheban was intoxicated and the *Obremski* holding to support her argument that I.C. § 34–4–30–1 is applicable to wrongful death actions. Inasmuch as the underlying cause of action is statutory, the question of its scope is one of legislative intent. The wrongful death statute makes no mention of treble damages and being in derogation of common law, must be strictly construed. *Thomas v. Eads* (1980), Ind.App., 400 N.E.2d 778.

An examination of the historical development of the wrongful death statute reveals that although the act was caused by the English common law doctrine that the tortfeasor escaped liability if the victim died before judgment, the legislature has traditionally limited the elements of damages for which recovery could be had. At common law, there was no claim of this nature available. Under the earliest Indiana wrongful death statute, the amount of damages recoverable was limited to $10,-000.00. Later revisions also included caps on the amount recoverable for each service provided as a result of the death, i.e. $300.00 maximum to the undertaker for the funeral and burial and $100.00 maximum for medical services rendered in connection with the last illness or injury of the decedent. Over the years the monetary amounts were increased and eventually eliminated.

The damages now recoverable for wrongful death are those specified by statute, namely reasonable medical, hospital, funeral and burial expenses, and lost earnings, and those included by judicial interpretation. While the wrongful death statute does include the phrase "but not limited to", this language can not be broadly construed to permit any perceivable damage claim to be available in a wrongful death action. The "loss" recoverable by a claimant must be of the same genre as those enumerated in the statute. The loss must evolve from a deprivation to a survivor as a result of the death and the value assigned is measured by the value of that loss.

The interests identified as served by the wrongful death statute are economic in nature and are appropriate to make responsible tortfeasors pay the doctor, hospital and undertaker and to fulfill the expectancy of those related human beings who are dependent upon the decedent's future earnings. Damages recoverable under the wrongful death statute thus serve a compensatory goal. The damages which are not expressly enumerated in the statute, but are nevertheless deemed recoverable, arise strictly from the individual relationship between the decedent and a survivor. The treble damage statute by contrast is punitive in nature, imposing a greater amount of damages than those actually incurred due to the violation of a criminal statute. A loss enunciated as treble damages pursuant to statute is adverse to the provisions of the wrongful death act. There is no foundation upon which to base the claim.

Amending legislation is also continually proposed and considered in this area. Some would cap the amount of damages recoverable in a wrongful death action. Some would expand such damages. It would seem anomalous that even though consideration of such direct approaches is ongoing, the legislature would make a radical departure and treble wrongful death damages in the separate and only tangentially related treble damage statute.

It is further questionable whether the language "a person who suffers a pecuniary loss" could be applied to a wrongful death action. "Person" is defined as a human being, corporation, partnership, unincorporated association, or governmental entity. I.C. § 35–41–1–2. The estate of the decedent is the entity bringing an action for wrongful death on behalf of the survivors. Consequently, even if the wrongful death statute was determined to permit a claim for the type of "loss" provided for in the treble damage statute, given the language of the applicable provi-

 

sion, an estate would be precluded from bringing a claim of this nature.

The confines and limitations inherent in a statutorily based wrongful death action do not permit a claim for treble damages pursuant to I.C. § 34-4-30-1. In order to sustain a claim in a wrongful death action, the loss alleged must be of a nature compatible with the purpose and guidelines of the act.

The District Court was correct in entering a directed verdict on appellant's claim under I.C. § 34-4-30-1.

SHEPARD, C.J., and GIVAN and PIVARNIK, JJ., concur.

DICKSON, J., dissents without opinion.