ATTORNEYS FOR APPELLANTS
Kent M. Frandsen
Michael L. Schultz
Lebanon, Indiana

Karl L. Mulvaney
Nana Quay-Smith
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
DEFENSE TRIAL COUNSEL OF INDIANA
Donald B. Kite, Sr.
Lucy R. Dollens
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
PROPERTY CASUALTY INSURERS ASSOCIATION
David Ian Rubin
Stephen J. Peters
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
David K. Herzog
Jane Dall Wilson
Katrina Gossett
Indianapolis, Indiana

Stanley E. Karon
Richfield, Minnesota

ATTORNEYS FOR AMICUS CURIAE
INDIANA PATIENT'S COMPENSATION FUND
Matthew W. Conner
Wade D. Fulford
Bryan H. Babb
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
CLERK
of the supreme court,
court of appeals and
tax court

No. 55S04-1508-PL-501

SCI PROPANE, LLC; SOUTH CENTRAL
INDIANA RURAL ELECTRIC MEMBERSHIP
CORPORATION; RUSHSHELBY ENERGY
RURAL ELECTRIC COOPERATIVE, INC.,

Appellants (Defendants below),

v.

COURTNEY FREDERICK, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHAN FREDERICK, DECEASED,

Appellee (Plaintiff below).

Appeal from the Morgan Superior Court, No. 55D01-0510-PL-658
The Honorable Robyn L. Moberly, Special Judge

**August 27, 2015**

**Corrected**

**Massa, Justice.**

We are asked to resolve a matter of first impression with respect to Indiana's fifty-year-old General Wrongful Death Statute; specifically, whether attorneys' fees are recoverable as a form of damages when the decedent is survived by a spouse and/or dependents. Finding that they are not, we reverse the attorneys' fee award.

### Facts and Procedural History

The relevant facts are undisputed. SCI Propane LLC, South Central Indiana Rural Electric Membership Corporation and RushShelby Energy Rural Electric Cooperative Inc. (collectively, "SCI") provide metered propane services in and around Martinsville, Indiana. On May 13, 2004, a gas leak occurred at the home of William and Betty Kindle, one of SCI's customers, resulting in an explosion and fire. The explosion killed one of the Kindles' family members, Stephan Frederick, who was staying with them; Frederick's minor son and his wife, Courtney, were injured but survived.

Stephan's Estate filed a wrongful death suit against SCI and other defendants.[1] The parties agreed to bifurcate the issues of liability and damages, and the case proceeded to separate trials. The liability jury apportioned 65% liability to defendants, for which SCI was ultimately responsible, and 35% to the Kindles. Before the damages trial, the Estate moved for partial summary judgment, arguing that it could seek attorneys' fees under the Indiana General Wrongful Death Statute, Indiana Code section 34-23-1-1 (2014) ("GWDS"); SCI cross-moved for the opposite summary judgment determination. The trial court granted the Estate's motion and denied SCI's. Both parties appealed, and in a published opinion, a unanimous panel of our Court of Appeals affirmed in relevant part, agreeing with the trial court that attorneys' fees are recoverable under the GWDS. SCI Propane, LLC v. Frederick, 15 N.E.3d 1015, 1027–29 (Ind. Ct. App. 2014). We now grant SCI's petition to transfer, thus vacating the decision below.[2] See Ind. Appellate Rule 58(A). We reverse the trial court.

**Standard of Review**

"When reviewing the grant or denial of a motion for summary judgment 'we stand in the shoes of the trial court.'" Alva Elec., Inc. v. Evansville-Vanderburgh Sch. Corp., 7 N.E.3d 263, 267 (Ind. 2014) (quoting City of Gary v. Ind. Bell Tel. Co., 732 N.E.2d 149, 153 (Ind. 2000)). Summary judgment is appropriate only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). "The fact that the parties have filed cross-motions for summary judgment does not alter our standard for review, as we consider each motion separately to

---

[1] Defendant Midland-Impact, LLP settled with the Estate prior to trial. And the jury found defendant White-Rodgers not liable, which has not been challenged on appeal.

[2] We deny the Estate's petition for transfer, which challenged the Court of Appeals' method of calculating attorneys' fees.

determine whether the moving party is entitled to judgment as a matter of law." Reed v. Reid, 980 N.E.2d 277, 285 (Ind. 2012). "Where, as here, the dispute is one of law rather than fact, our standard of review is de novo." Alva Elec., 7 N.E.3d at 267.

## Attorneys' Fees Are Not Recoverable as a Type of Damages Under Indiana's General Wrongful Death Statute if the Decedent Is Survived by a Spouse and/or Dependents.

As its text is of crucial import, the GWDS is reproduced in its entirety[3]:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow

---

[3] The history of the GWDS is well-trodden ground. See, e.g., Ed Wiersma Trucking Co. v. Pfaff, 643 N.E.2d 909, 911 (Ind. Ct. App. 1994), opinion adopted, 678 N.E.2d 110 (Ind. 1997) (describing in detail the statutory evolution of the GWDS). For a discussion of the evolution of wrongful death as a statutory cause of action generally, see Alldredge v. Good Samaritan Home, Inc., 9 N.E.3d 1257, 1260 (Ind. 2014).

> or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to a funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

Ind. Code § 34-23-1-1. While this block text is arguably less clear than if it had been drafted in a more modern style, the GWDS nevertheless delineates two separate categories of decedents.

The first category includes all decedents generally, without any additional conditions, in which case the estate is entitled to recover damages "including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." Id. There is a fixed list of death-related expenses available to the estate directly as damages: "medical, hospital, funeral and burial[.]" Id. The remaining damages, if any, must "inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased." Id.

The second category includes only those decedents who "depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him." Id. In such instances, the damages "inure to the exclusive benefit of the person or persons furnishing" services related to the decedent's death, and the personal representative of the estate is expressly entitled to recover reasonable attorneys' fees in "prosecuting or compromising the action." Id.

5

Our General Assembly has also enacted two additional wrongful death provisions: the Adult Wrongful Death Statute, Indiana Code section 34-23-1-2 ("AWDS"), and the Child Wrongful Death Statute, Indiana Code section 34-23-2-1 ("CWDS"). Both the AWDS and the CWDS provide that, as necessary prerequisites of recovery, the decedent be unmarried and have no dependents, and the two statutes are defined in the alternative.[4] Thus, when combined, their scope perfectly matches the second category of GWDS decedents; in other words, every decedent in the second GWDS category also satisfies the conditions to bring suit under either the AWDS or the CWDS.

The CWDS expressly allows for the award of attorneys' fees. Ind. Code § 34-23-2-1(f)(3)(E). The AWDS does not, instead stating that damages "may include but are not limited to" a delineated list of types of expenses and loss of love and companionship. Ind. Code § 34-23-1-2(c)(3). Nevertheless, in McCabe v. Commissioner, Indiana Department of Insurance, we held attorneys' fees were recoverable under the AWDS, reasoning that since the phrase "may include but are not limited to" is ambiguous, and since fees were available under the comparable provisions of the GWDS and the CWDS, the statutory interpretation doctrine of *in pari materia* required us to read the AWDS in harmony. 949 N.E.2d 816, 819–21 (Ind. 2011).

With this backdrop in mind, we now turn to the question presented: are attorneys' fees available to decedents in the first category of the GWDS, who leave a surviving spouse and/or dependents? The trial court reasoned that they were, based in large part on McCabe. (App. at 92.) We agree with our Court of Appeals that our statement in McCabe that attorneys' fees are "specifically permitted by the GWDS" is not determinative of whether decedents falling only into

---

[4] A "child" is defined in the CWDS as an "unmarried individual without dependents" who is either less than 20 years of age, or is less than 23 years of age and is enrolled in some form of postsecondary education or training. Ind. Code § 34-23-2-1(b). The definition of "adult" in the AWDS is an unmarried person who does not have any dependents, and who is not a "child," as defined by the CWDS. Ind. Code § 34-23-1-2(a).

6

the first category of the GWDS may recover attorneys' fees. See SCI Propane, 15 N.E.3d at 1025 (quoting McCabe, 949 N.E.2d at 821). That being said, we find the underlying reasoning in McCabe directly applicable, but it leads to the opposite conclusion: attorneys' fees are not recoverable for decedents falling into the first category of the GWDS.

First, we held in McCabe that the phrase "may include but are not limited to" in the AWDS was ambiguous, because "as to whether a plaintiff's attorney fees and litigation expenses are part of the open-ended class, [] we find that the phrase is susceptible to differing, reasonable interpretations[.]" McCabe, 949 N.E.2d at 820. We can discern no logical distinction between this language in the AWDS and the phrase "including, but not limited to" in the GWDS. Accordingly, the GWDS is also ambiguous as to whether attorneys' fees are available under these circumstances.

Second, as we stated in McCabe, since the statute is ambiguous, we must "engage in statutory construction in an effort to determine and give effect to legislative intent." Id. at 819. We determined in McCabe that the paramount concern was *in pari materia* construction of the GWDS, AWDS, and CWDS, stating that "this rule takes precedence over other rules of statutory construction," and thus we held attorneys' fees were available under the AWDS. Id. at 820. This holding was reasonable in the context of the AWDS: had we determined that the AWDS did *not* allow for the award of attorneys' fees, the estate of an adult decedent without a surviving spouse or dependents would have been able to recover attorneys' fees under the GWDS but not under the AWDS, despite meeting the precise conditions of both. Such a result would be implausible, and we were thus obliged to reject it. See, e.g., Walczak v. Labor Works-Ft. Wayne LLC, 983 N.E.2d 1146, 1154 (Ind. 2013) ("We presume the General Assembly intended the statutory language to be applied logically and consistently with the statute's underlying policy and goals, and we avoid construing a statute so as to create an absurd result." (internal citations omitted)). Here, however, we consider the availability of attorneys' fees for the *first* category of decedents under the GWDS, i.e. those survived by a spouse and/or dependents. Accordingly, neither the AWDS, the CWDS nor the second category of the GWDS apply, since they provide distinct statutory remedies only if there are no such survivors.

7

Based on this distinction, we believe the doctrine of *in pari materia* must yield, in the face of our prior precedents holding the phrase "including, but not limited to" in the GWDS should be construed narrowly. Specifically, in <u>Estate of Kuba by Kuba v. Ristow Trucking Co.</u>, we determined that the GWDS "can not be broadly construed to permit any perceivable damage claim to be available in a wrongful death action." 508 N.E.2d 1, 2 (Ind. 1987). Rather, we ruled that "the loss must evolve from a deprivation to a survivor as a result of the death and the value assigned is measured by the value of that loss." <u>Id.</u> We thus declined to find that the GWDS permitted the award of treble damages, reasoning that as the GWDS is in derogation of common law, it must be strictly construed. <u>Id.</u> And in <u>Durham ex rel. Estate of Wade v. U-Haul International</u>, we directly applied the reasoning of <u>Kuba</u> to preclude the award of punitive damages under the GWDS. 745 N.E.2d 755, 763 (Ind. 2001).

We find the rule announced in <u>Kuba</u> and upheld in <u>Durham</u> controlling here. A wrongful death action is pursued by the personal representative of the decedent's estate. Ind. Code § 34-23-1-1. As such, the estate is responsible for all legal expenses in pursuing a wrongful death claim. In wrongful death suits falling within the first GWDS category, however, the damages must be either: (1) a "reasonable medical, hospital, funeral and burial expense" or (2) "inure to the exclusive benefit" of the surviving spouse or dependent.[5] Attorneys' fees thus do not qualify as damages, because since the *estate* ultimately bears the burden for their payment, such fees do not "evolve from a deprivation *to a survivor*." <u>See</u> <u>Durham</u>, 745 N.E.2d at 763 (quoting <u>Kuba</u>, 508 N.E.2d at 2) (emphasis added). Although the payment of fees may deplete the estate and reduce the amount of a surviving spouse and/or dependent's inheritance, such depletion is not "of the

_____

[5] <u>See</u> Ind. Code § 34-23-1-1 ("That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. *The remainder of the damages, if any*, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased." (emphasis added)).

same genre as those [damages] enumerated in the statute," such as lost earnings.[6] See Kuba, 508 N.E.2d at 2.

This outcome is neither absurd nor contrary to public policy. The existence of a surviving spouse or dependent of a decedent creates a significant incentive for the personal representative of the estate to pursue a wrongful death claim for the benefit of the survivors, who were perhaps financially dependent upon the decedent and could face significant hardship without his or her income.[7] In the absence of such survivors, however, the only "party" arguably damaged as a matter of law is the decedent, and thus the estate itself. It is therefore logical that our General Assembly would provide extra incentive—in the form of statutory fee awards—to personal representatives prosecuting such actions, in order to ensure that those who commit acts resulting in a wrongful death are held liable, which further encourages such actors to avoid that wrongful conduct in the future.[8]

Moreover, it is well settled that Indiana adheres to the "American Rule," under which each party is responsible for paying his or her legal expenses absent contrary statutory authority; thus, we "generally exclude[] the award of attorney fees from compensatory damages." Loparex, LLC v. MPI Release Techs., LLC, 964 N.E.2d 806, 817 (Ind. 2012) (holding attorneys' fees were not recoverable in blacklisting claim and distinguishing McCabe, finding there was no conflict

---

[6] It is also not controlling that Courtney Frederick is both the personal representative of Stephan's Estate and his widow; acting in both capacities does not convert the legal expenses she paid as representative into damages she personally suffered.

[7] This is the very policy rationale supporting the creation of wrongful death statutes in the first place. See Alldredge, 9 N.E.3d at 1260 (describing how industrialization in the middle of the 19th Century gave rise to wrongful death statutes, because as opposed to the anonymous robber or burglar, "in his place stood the prospering corporation with abundant assets to meet the needs of widows and orphans" (quoting Wex S. Malone, The Genesis of Wrongful Death, 17 Stan. L. Rev. 1043, 1043 (1965))).

[8] We also find this same policy rationale could be used to support our decision in McCabe, since the preconditions of liability under the AWDS include no surviving spouse or dependents.

9

between the Indiana blacklisting statutes necessitating *in pari materia* construction). We therefore presume our General Assembly did not intend to provide attorneys' fees as a compensatory damages remedy. See, e.g., Kosarko v. Padula, 979 N.E.2d 144, 148 (Ind. 2012) ("When resolving a conflict between the common law and a statute, we presume that the legislature did not intend to alter the common law unless the statute declares otherwise in express terms or by unmistakable implication.").

In light of our precedent strictly construing the GWDS, the presumption against the abrogation of the American Rule, and a valid policy rationale in support, we find attorneys' fees are not recoverable as compensatory damages under the GWDS when the decedent leaves a surviving spouse and/or dependents.[9] Finding this issue dispositive, we need not reach the remaining issues presented by the parties on transfer.

## Conclusion

For the foregoing reasons, we reverse the award of attorneys' fees under the General Wrongful Death Statute, Indiana Code section 34-23-1-1.

Rush, C.J., and Dickson, Rucker, and David, JJ., concur.

---

[9] As we stated in Durham, "we believe policy setting on an issue such as this is for the elected branch of government. If the legislature disagrees with this longstanding interpretation of the statute, it can correct it." 745 N.E.2d at 763.

10