

FILED
Sep 15 2015, 8:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael T. Terwilliger
Whitten Law Office
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Frederick W. Crow
Young & Young
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hoker Trucking, LLC and Linda L. Phillips,

*Appellants-Defendants,*

v.

Pamela K. Robbins, as Administratrix of the Estate of Mike Douglas Robbins, Deceased,

*Appellee-Plaintiff.*

September 15, 2015

Court of Appeals Case No. 89A01-1411-CT-468

Appeal from the Wayne Superior Court

The Honorable Charles K. Todd, Jr., Judge

Cause No. 89D01-1212-CT-56

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellants-Defendants, Hoker Trucking, LLC, and Linda L. Phillips (collectively, Hoker Trucking), appeal the trial court's order granting attorneys' fees and prejudgment interest to Appellee-Plaintiff, Pamela K. Robbins, as administratrix of the estate of Mike Douglas Robbins, deceased (Robbins).

We reverse.

## ISSUES

Hoker Trucking raises four issues on appeal, one of which we find dispositive and which we restate as follows: Whether Robbins, as the surviving spouse of the decedent, is entitled to attorneys' fees under the General Wrongful Death Statute.

## FACTS AND PROCEDURAL HISTORY

The relevant facts are undisputed. On January 4, 2011, Mike Douglas Robbins (Mike) was involved in a motor vehicle accident with a tractor-trailer, operated by Linda Phillips, an employee of Hoker Trucking, in Richmond, Wayne County, Indiana. Mike died as a result of the injuries suffered in the accident. On December 21, 2012, Robbins, Mike's surviving spouse, filed a wrongful death action against Hoker Trucking in her capacity as administratrix of Mike's estate. Hoker Trucking admitted liability and the case proceeded to trial on the issue of damages only. On October 6, 2014, the jury returned a verdict in favor

of Robbins, awarding the estate a damage award in the amount of $6,000,000.00.

[5] On January 9, 2015, the trial court conducted a hearing on Robbins' request for attorneys' fees and prejudgment interest as compensable damages under the Indiana General Wrongful Death Statute. Both parties presented evidence and testimony during the hearing. On January 20, 2015, the trial court issued its order, awarding Robbins attorneys' fees of $2,400,000.00 and prejudgment interest in the amount of $622,028.11.

[6] Hoker Trucking now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Whether an award of attorneys' fees can be sought under the Indiana General Wrongful Death Statute, Ind. Code § 34-23-1-1 (2014) (GWDS), was an issue of first impression until our supreme court issued its decision in *SCI Propane*, concluding that attorneys' fees are not recoverable as a type of compensatory damages if the decedent is survived by a spouse and/or dependents. *SCI Propane, LLC, et al. v. Frederick*, --- N.E.3d ---- (Ind. Aug. 27, 2015).

[8] Not exactly an exercise in clarity, the GWDS states, in its entirety:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omissions. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two

(2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow, or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent departs this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her of him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to a funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

I.C. § 34-23-1-1.

[9] As such, the GWDS delineates two categories of decedents. The first category includes all decedents generally, in which case the estate is entitled to recover damages "including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." I.C. § 34-23-1-1. The second category includes

only those decedents who "depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving him or her." I.C. § 34-23-1-1. In such instances, the estate is expressly entitled to recover reasonable attorneys' fees in "prosecuting or compromising the action." I.C. § 34-23-1-1.

[10] In combination with the GWDS, our General Assembly has also enacted two additional wrongful death provisions: the Adult Wrongful Death Statute, I.C. § 34-23-1-2 (AWDS), and the Child Wrongful Death Statute, I.C. § 34-23-2-1 (CWDS). Both statutes stipulate that, as a necessary prerequisite for recovery, the decedent must be unmarried and have no dependents. While the CWDS expressly allows for the award of attorneys' fees, the AWDS does not. However, in *McCabe v. Commissioner, Indiana Department of Insurance*, 949 N.E.2d 816, 819-21 (Ind. 2011), we held attorneys' fees to be included in the phrase "may include but are not limited to" and thus recoverable under the AWDS. *See* I.C. § 34-23-1-2(c)(3).

[11] Even though similar language—"may include but are not limited to"—is included in the first category of the GWDS, our supreme court reached the opposite conclusion in *SCI Propane* based on the distinct application and remedies afforded to the first category of decedents under the GWDS, *i.e.*, those survived by a spouse/and or dependents. *See SCI Propane*, --- N.E.3d ---, at *7. Finding the phrase ambiguous, the supreme court relied on *Estate of Kuba by Kuba v. Ristow Trucking Co.*, 508 N.E.2d 1, 2 (Ind. 1987), and *Durham ex. rel. Estate of Wade v. U-Haul International*, 745 N.E.2d 755, 763 (Ind. 2001), to

construe the language narrowly. *See SCI Propane*, --- N.E.3d ---, at *7. As such, the court concluded:

> A wrongful death action is pursued by the personal representative of the decedent's estate. As such, the estate is responsible for all legal expenses in pursuing a wrongful death claim. In wrongful death suits falling within the first GWDS category, however, the damages must be either: (1) a "reasonable medical, hospital, funeral and burial expense" or (2) "inure to the exclusive benefit" of the surviving spouse or dependent. Attorneys' fees thus do not qualify as damages, because since the *estate* ultimately bears the burden for their payment, such fees do not "evolve from a deprivation *to a survivor*." Although the payment of fees may deplete the estate and reduce the amount of a surviving spouse and/or [a] dependent's inheritance, such depletion is not of the same genre as those damages enumerated in the statute, such as lost earnings.

*Id*. at *8 (emphasis in original) (internal citations and footnotes omitted). The court reasoned that:

> This outcome is neither absurd nor contrary to public policy. The existence of a surviving spouse or dependent of a decedent creates a significant incentive for the personal representative of the estate to pursue a wrongful death claim for the benefit of the survivors, who were perhaps financially dependent upon the decedent and could face significant hardship without his or her income. In the absence of such survivors, however, the only party arguably damaged as a matter of law is the decedent, and thus the estate itself. It is therefore logical that our General Assembly would provide extra incentive—in the form of statutory fee awards—to personal representatives prosecuting such actions, in order to ensure that those who commit acts resulting in a wrongful death are held liable, which further encourages such actors to avoid that wrongful conduct in the future.

*Id.* at *9 (internal footnotes omitted).

Accordingly, where, as here, Robbins, as the surviving widow,[1] pursues the recovery of attorneys' fees as compensatory damages under the first category of the GWDS, she is not entitled to an award thereof. We reverse the trial court's award of $2,400,000.00 in attorneys' fees and prejudgment interest in the amount of $622,028.11. *See id.* at *10.

## CONCLUSION

Based on the foregoing, we conclude that Robbins, as the surviving spouse, is not entitled to recover attorneys' fees and prejudgment interest as compensable damages under the GWDS.

Reversed.

Bailey, J. and Barnes, J. concur

---

[1] It is not controlling that Robbins is both administratrix of the estate and the decedent's widow; acting in both capacities does not convert the legal expenses she paid as administratrix into damages she personally suffered. *See SCI Propane*, --- N.E.3d at *8, n.6.