**OPINION ON REHEARING**



FILED

Dec 31 2015, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Michael T. Terwilliger
Whitten Law Office
Valparaiso, Indiana

ATTORNEY FOR APPELLEE

Frederick W. Crow
Young & Young
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hoker Trucking, LLC and Linda L. Phillips,<br><br>*Appellants-Defendants,*<br><br>v.<br><br>Pamela K. Robbins, as Administratrix of the Estate of Mike Douglas Robbins, Deceased,<br><br>*Appellee-Plaintiff* | December 31, 2015<br><br>Court of Appeals Case No. 89A01-1411-CT-468<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Charles K. Todd, Jr., Judge<br><br>Trial Court Cause No. 89D01-1212-CT-56 |

**Riley, Judge.**

[1] In our original opinion, we concluded that based on *SCI Propane v. Frederick*, 39 N.E.3d 675 (Ind. 2015), "Robbins, as the surviving spouse, was not entitled to recover attorneys' fees and prejudgment interest as compensable damages under the GWDS." *See Hoker Trucking, LLC v. Robbins*, --- N.E.3d --- (Ind. Ct. App.

Sept. 15, 2015). Robbins has now filed a petition for rehearing in which she contends that the prejudgment interest was not awarded on the attorneys' fees, as we alluded to in our opinion, but on the $6,000,000.00 jury verdict. As such, she asserts *SCI Propane* is not applicable, and instead we should have followed the directives of the prejudgment interest statute, I.C. Ch. 34-51-4, which notes in section 1 that prejudgment interest "applies to any civil action arising out of tortious conduct." We agree. Thus, we grant rehearing for the limited purpose of addressing the prejudgment interest award; in all other respects, we affirm our original opinion.

Our review of the record indicates that the trial court ordered prejudgment interest on the jury verdict only and not on the award of attorneys' fees. Applying the prejudgment interest statute, the trial court noted that although Hoker Trucking's offer met the requirements of I.C. § 34-51-4-6, it did not meet the requirements of I.C. § 34-51-4-5 [the amount of the offer was less than 2/3 of the amount of the judgment award] and thus Hoker Trucking was responsible for the payment of prejudgment interest on the jury verdict. Accordingly, the trial court awarded prejudgment interest at a rate of 8% on the jury award from June 21, 2013 through October 5, 2014, for a total amount of $622,028.11.

The prejudgment interest statute permits the trial court to grant prejudgment interest, but does not <u>require</u> an award of prejudgment interest. *See* I.C. 34-51-4-7; *Alsheik v. Guerrero*, 979 N.E.2d 151, 155 (Ind. 2012) (in which Guerrero sought prejudgment interest in a medical malpractice suit). We review a trial

court's ruling on a motion for prejudgment interest under the prejudgment interest statute for an abuse of discretion. *Id.* Thus, the prejudgment interest statute grants the trial court broad discretion to determine when an award of prejudgment interest is warranted. *Id.* Accordingly, the trial court abuses its discretion if it misinterprets the law, or if it does not "support its determination with findings consistent with the statute." *Id.* (citing *Kosarko v. Padula*, 979 N.E.2d 144, 150 (Ind. 2012)).

[4] Here, the trial court awarded prejudgment interest in accordance with the prejudgment interest statute and supported its decision as follows:

> In this cause, [Robbins] provided settlement demand letters on March 22, 2013 and December 19, 2013, which demanded payment of Six Million Dollars ($6,000,000.00), which was the amount of the ultimate jury verdict. Further, said demand letters met other relevant portions related to I.C. § 34-51-4-6. Additionally, [Hoker Trucking] made no offer that met the requirements related to I.C. § 34-51-4-5. Additionally, [Hoker Trucking] ultimately conceded full liability in this cause, and the trial held in this cause was only on the issue of damages. The [c]ourt, having considered the evidence submitted in this cause and properly before the [c]ourt, which includes [Robbins'] settlement demand letters, copies of which were admitted as Plaintiff's exhibits 4 and 5 [] and having reviewed applicable statutory sections and cases, and considering the objectives of the statute as herein above set forth, the [c]ourt finds that prejudgment interest is appropriate[.]

(Appellant's App. p. 78).

[5] We affirm the trial court's award of prejudgment interest.

Bailey, J. and Barnes, J. concur