

I N   T H E

# Court of Appeals of Indiana

Nina Cahill and Kenneth S. Davis,

*Appellants-Plaintiffs*

v.

Charity Davis, Baptist Healthcare System, Inc., and Baptist
Health Medical Group, Inc.,

*Appellees-Defendants*



FILED

Aug 28 2024, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

August 28, 2024

Court of Appeals Case No.
23A-PL-1682

Appeal from the Floyd Circuit Court

The Honorable Justin B. Brown, Judge

Trial Court Cause No.
22C01-1906-PL-832

**Opinion by Judge May**
Judges Vaidik and Kenworthy concur.

**May, Judge.**

Nina Cahill and Kenneth S. Davis (collectively "Plaintiffs") appeal the trial court's grant of summary judgment to Baptist Healthcare Systems and Baptist Health Medical Group, Inc. (collectively "Baptist"). Plaintiffs raise two issues on appeal, but we need address only one, which we restate as: Whether the trial court erroneously granted summary judgment to Baptist based on the two-year statute of limitations for negligence actions found in Indiana Code section 34-11-2-3 because that statute of limitations was tolled by Plaintiffs' filing of proposed medical malpractice complaints against Baptist pursuant to Indiana Code section 34-18-7-3. Because Plaintiffs – who had the burden to demonstrate they could avoid the statute of limitations for a claim sounding in "ordinary negligence"[1] – failed to cite the tolling statute in the trial court and failed to provide cogent argument regarding why a tolling provision from the Medical Malpractice Act ("MMA") should toll the statute of limitations for a lawsuit that asserts only claims of ordinary negligence, we affirm.[2]

## Facts and Procedural History

Charity Davis ("Charity") was an employee of Baptist, where she worked as a coding specialist and bill processor. Charity was divorced from Kenneth S. Davis ("Kenneth") on November 2, 2017, and Kenneth began dating Nina

---

[1] Herein, we use the term "ordinary negligence" to denote any claim of negligence that does not implicate the Medical Malpractice Act.

[2] We held oral argument on this case on April 22, 2024, at the Court of Appeals Courtroom at the Indiana Statehouse. We thank counsel for engaging in discussion with us to clarify the issues and deliberate relevant law.

Cahill ("Nina"). In 2017 and 2018, during work hours at Baptist, Charity "snooped" in the medical records of Kenneth, Nina, and other relatives of Nina. (*See* Amended Br. of Appellants at 7 ("This is a 'snooping' case. Snooping is the unlawful access to an individual's confidential medical records.").) Around January 16, 2019, Baptist informed Nina and Kenneth that Charity had accessed their medical records without authorization.

[3] On April 26, 2019, Plaintiffs separately filed proposed medical malpractice complaints with the Indiana Department of Insurance ("IDOI") against Charity and Baptist. On June 5, 2019, Plaintiffs separately filed actions against only Charity in Floyd Circuit Court that asserted counts for invasion of privacy, negligence, and defamation.[3] The parties engaged in discovery regarding whether Charity's snooping was within the course and scope of her employment with Baptist. On January 20, 2022, Plaintiffs separately filed proposed amended malpractice complaints with the IDOI that included counts for medical malpractice, common law negligence, negligence per se, and respondeat superior vicarious liability.

[4] On July 12, 2022, Plaintiffs moved to amend their complaints in Floyd Circuit Court to add Baptist as defendants. The trial court granted Plaintiffs' motions to amend on August 22, 2022. The amended complaints asserted claims of common law negligence and invasion of privacy against all defendants;

---

[3] Nina's action was 22C01-1906-PL-000832, and Kenneth's action was filed as 22C01-1906-PL-000833. On August 24, 2022, the actions were consolidated into 22C01-1906-PL-000832.

negligence per se, respondeat superior liability, and medical malpractice against Baptist; and defamation against Charity.

[5] On September 8, 2022, Baptist filed answers to the amended complaints, and on December 19, 2022, Baptist filed a motion for summary judgment, designation of evidence, memorandum in support of summary judgment, and exhibits. Baptist asserted it was entitled to summary judgment because Plaintiffs were attempting to add Baptist as a defendant after the two-year statute of limitations for commencing an action asserting ordinary negligence had passed.

[6] On February 1, 2023, Plaintiffs filed a designation of evidence, a memorandum in opposition to Baptist's motion for summary judgment and in support of Plaintiffs' cross-motion for summary judgment, and exhibits, including copies of their proposed malpractice complaints filed against Baptist with the IDOI. On March 1, 2023, Baptist filed a reply in support of summary judgment, a response to Plaintiffs' motion for summary judgment, and a designation of evidence in opposition to Plaintiffs' motion for summary judgment.

[7] The trial court heard argument on the summary judgment motions on May 23, 2023. On June 2, 2023, the court entered an order in which it found, in necessary part:

> 18. There is no dispute that Plaintiffs [Nina] and [Kenneth] had actual notice regarding [Charity's] tortious conduct on or about January 16th, 2019.

19.     There is also no dispute that the present action against [Baptist] was filed on July 12th, 2022; approximately forty (40) months after Plaintiffs were provided actual notice and thirty-seven (37) months after this action was initiated.

20.     The [s]tatute of limitations for the relief sought in Plaintiff's [sic] complaint, whether for general negligence, invasion of privacy, or a violation of the Medical Malpractice Act, is two (2) years.  Ind. Code Ann. § 34-11-2-4, Ind. Code Ann. § 34-18-7-1.

21.     [Baptist] asserted the statute of limitations as a defense in their Answer.

22.     There was no argument made, and the Court finds no basis, that the time period for the statute of limitations was tolled under any theory.  There does not appear to be either fraudulent concealment (as [Baptist] put Plaintiffs on notice immediately) or a continuing wrong (as [Charity] was terminated in 2019 and her access to the medical records in question ended).

23.     There is likewise no other theory in equity that has been presented to the Court which would give this Court the authority to toll the statute of limitations.

24.     As such, the statute of limitations for the commencement of an action against [Baptist] in this case ran on or about January 16th, 2021.

25.     As the action against [Baptist] was not initiated until July 1[2]th, 2022, it falls outside of the applicable statutes of limitation by approximately eighteen (18) months and summary judgment in favor of [Baptist] is therefore appropriate.

26.     Regarding Plaintiffs Motion for Summary Judgment against [Baptist], while the issue is now moot, the Court also finds that there is a genuine issue of material fact as to the claims against [Baptist] and summary judgment would therefore not be appropriate.

(Appellants' App. Vol. 2 at 13-14.)  Based thereon, the trial court granted Baptist's motion for summary judgment because "Plaintiffs' complaint . . . was filed outside the applicable statutes of limitation."  (*Id*. at 15.)  The trial court also ordered Plaintiffs' motion for summary judgment against Baptist "is DENIED, as it is both moot, and there exists a genuine issue of material fact."  (*Id*.)  Baptist thereafter asked the trial court to enter the summary judgment for Baptist as a final judgment, and the trial court entered that final judgment order as to Baptist on June 21, 2023.

## Discussion and Decision

[8]     Plaintiffs appeal from the trial court's decisions regarding the parties' competing motions for summary judgment.  "'When reviewing the grant or denial of a motion for summary judgment we stand in the shoes of the trial court.'" *Supervised Estate of Kent*, 99 N.E.3d 634, 637 (Ind. 2018) (quoting *City of Lawrence Utils. Serv. Bd. v. Curry*, 68 N.E.3d 581, 585 (Ind. 2017)).  Summary judgment should be granted "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Ind. Trial Rule 56(C).

The party moving for summary judgment bears the burden of making a prima facie showing that there is no issue of material

fact and that it is entitled to judgment as a matter of law. The burden then shifts to the non-moving party to show the existence of a genuine issue.

*Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed facts support conflicting reasonable inferences[.]" *Williams v. Tharp*, 914 N.E.2d 756, 761 (Ind. 2009) (citations omitted). Any doubts about the facts, or the inferences to be drawn from the facts, are resolved in favor of the non-moving party. *Burton*, 140 N.E.3d at 851. Where the challenge to summary judgment raises questions of law, we review them de novo. *Rogers v. Martin*, 63 N.E.3d 316, 320 (Ind. 2016).

[9] Findings of fact and conclusions of law entered by the trial court aid our review, but they do not bind us. *Supervised Estate of Kent*, 99 N.E.3d at 637. Nor is our standard of review or analysis altered by the parties' filing of cross-motions for summary judgment – we simply "'consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law.'" *Erie Indemnity Co. v. Estate of Harris*, 99 N.E.3d 625, 629 (Ind. 2018) (quoting *SCI Propane, LLC v. Frederick*, 39 N.E.3d 675, 677 (Ind. 2015)). The party appealing the trial court's decision has the burden to convince us that the trial court erred, but we scrutinize the trial court's decision carefully to make sure that a party was not improperly denied its day in court. *Ryan v. TCI Architects*, 72 N.E.3d 908, 913 (Ind. 2017). Indiana "consciously errs on the side of letting marginal

cases proceed to trial on the merits, rather than risk short-circuiting meritorious claims." *Hughley v. State*, 15 N.E.3d 1000, 1004 (Ind. 2014).

[10] Plaintiffs challenge the trial court's grant of summary judgment to Baptist based on the two-year statute of limitations for ordinary negligence actions. "Statutes of limitations are legislative judgments and serve important purposes." *Miller v. Patel*, 174 N.E.3d 1061, 1066-67 (Ind. 2021). By encouraging prompt presentation of claims, statutes of limitation "spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Perryman v. Motorist Mut. Ins. Co.*, 846 N.E.2d 683, 689 (Ind. Ct. App. 2006).

> Statute of limitations defenses are particularly appropriate for summary judgment determination. The party asserting it must make a prima facie showing that the action was commenced outside the statutory period by identifying (1) the nature of the plaintiff's action, so that the relevant statute of limitations period may be identified; (2) the date the plaintiff's cause of action accrued; and (3) the date the cause of action was brought, being beyond the relevant statutory period. If the moving party demonstrates these matters properly, the burden shifts to the opponent to establish facts in avoidance of the statute of limitations defense.

*City of Marion v. London Witte Group, LLC*, 169 N.E.3d 382, 390 (Ind. 2021) (internal citations and quotation marks omitted).

[11] Herein, Baptist's appellate brief and trial court memorandum outlined caselaw differentiating medical malpractice claims from ordinary negligence claims, (*see*

Appellees' Br. at 22-39; *and see* Appellants' App. Vol. 3 at 10-13), which culminated with *Community Health Network v. McKenzie*, 185 N.E.3d 368 (Ind. 2022). *McKenzie* held snooping claims – claims that were nearly on-all-fours with those brought by Plaintiffs herein – are not medical malpractice because the snooping behavior was temporally disconnected from any healthcare provided and was "unrelated to either the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment."[4] *Id.* at 377. Accordingly, Plaintiffs' claims are for ordinary negligence, not medical malpractice. *See Plummer v. Beard*, 209 N.E.3d 1184, 1193 (Ind. Ct. App. 2023) (holding facts fell under *McKenzie* and stated a claim for ordinary negligence because nurse's access of medical records was unrelated to health care provided to patients), *trans. denied*.

[12] The statute of limitations for ordinary negligence claims is two years. *See* Ind. Code § 34-11-2-4(a) ("An action for . . . injury to person or character . . . must be commenced within two (2) years after the cause of action accrues." ); Ind. Code § 34-11-2-3 ("An action of any kind for damages, whether brought in

---

[4] Plaintiffs assert it is "without question that the IDOI complaints were proper and timely" (Amended Appellants' Br. at 22), because "[t]he plaintiff in *Hinchy* proceeded to a jury on a professional negligence claim[.]" (*Id.* at 21.) In *Walgreen Co. v. Hinchy*, 21 N.E.3d 99 (Ind. Ct. App. 2014), *aff'd on reh'g*, 25 N.E.2d 748 (Ind. Ct. App. 2015), *trans. denied*, a pharmacist who worked for Walgreen inappropriately accessed the prescription records of a Walgreen's client, Abagail Hinchy. Hinchy sued the pharmacist and Walgreen and received a damages verdict from a jury. *Id.* at 103. However, Hinchy's claim was not presented to a medical review panel before proceeding to trial. *Id.* at 105-06. Nor is a pharmacist a "health care provider" for purposes of the MMA. *See Kroger Co. v. Estate of Hinders*, 773 N.E.2d 303, 306 (Ind Ct. App. 2002) (pharmacist is not a "health care provider" based on MMA's definition thereof in Ind. Code § 34-18-2-14), *trans. denied*. Thus, *Hinchy* is inapposite to whether Plaintiffs' claims asserted medical malpractice that was subject to the MMA.

contract or tort, based upon professional services rendered or which should have been rendered, may not be brought" after "two (2) years from the date of the act, omission, or neglect complained of."). Baptist notified Plaintiffs on January 16, 2019, that Charity had accessed their medical records. Therefore, any lawsuit against Baptist based on Charity's behavior while an employee of Baptist should have been filed before January 16, 2021. Plaintiffs filed suit against Charity in Floyd Circuit Court on June 5, 2019, but they did not move to amend their complaint to add Baptist as a defendant until July 12, 2022, which was nearly eighteen months after the statute of limitations period expired.[5] Thus, Baptist made a prima facie showing that it was entitled to summary judgment, and the burden shifted to Plaintiffs to "establish facts in avoidance of the statute of limitations defense." *City of Marion*, 169 N.E.3d at 390.

[13] On appeal, Plaintiffs argue the two-year statute of limitations for their ordinary negligence action against Baptist was tolled by their timely filing with the IDOI of the proposed medical malpractice complaint against Baptist. In support,

---

[5] We note our Indiana Supreme Court did not decide *McKenzie* until April 13, 2022, which is after expiration of the two-year statute of limitations for Plaintiffs to have filed their claims against Baptist in the trial court. However, our court had also determined that McKenzie's claims were not subject to the MMA, *Community Health Network, Inc. v. McKenzie*, 150 N.E.3d 1026, 1037 (Ind. Ct. App. 2020), *trans. granted*. Our decision – which was released on May 26, 2020, and not vacated by the grant of transfer until November 19, 2020 – should have put Plaintiffs on notice that their claims may well have been filed in the incorrect forum some nine months before the statute of limitations on their claims expired. Moreover, in 2008, our court had held "a health care provider's negligent or reckless dissemination of patient confidential information to member of the general public" raised claims of "ordinary negligence" that did not need to be presented to a medical review panel. *H.D v. BHC Meadows Hosp., Inc.*, 884 N.E.2d 849, 854 (Ind. Ct. App. 2008), *reh'g denied*, *trans. denied*. While *H.D.* did not involve snooping, and thus is not directly on point, it certainly suggests that improper use of confidential patient data may not constitute medical malpractice.

Plaintiffs cite a tolling provision within the MMA that provides: "The filing of a proposed complaint tolls the applicable statute of limitations to and including a period of ninety (90) days following the receipt of the opinion of the medical review panel by the claimant." Ind. Code § 34-18-7-3. Plaintiffs note they filed their proposed complaints against Baptist with the IDOI on April 26, 2019, and as of July 12, 2022, when Plaintiffs moved to amend their complaints in the trial court to add Baptist as defendants, no opinion had been released by a medical review panel. Thus, Plaintiffs allege, the statute of limitations for negligence claims found in Indiana Code section 34-11-2-3 remained tolled by Indiana Code section 34-18-7-3 when they moved to amend their trial court complaints to add Baptist as defendants.

[14] However, as Baptist argues and the record confirms, Plaintiffs did not cite that statute or explicitly argue for application of the MMA's tolling provision in the trial court. Instead, Plaintiffs argued that the caselaw cited by Baptist was inapposite to the facts before the trial court[6] and that Baptist had waived any statute of limitations defense.[7] "Generally, a party may not raise an issue on appeal which was not raised in the trial court, even in summary judgment

---

[6] Baptist cited cases in which medical malpractice actions were barred by the two-year statute of limitations in the MMA after a plaintiff had filed an action in trial court but had failed to file a proposed malpractice complaint with the IDOI. *See*, *e.g.*, *Metz v. St. Joseph Regional Medical Center-Plymouth Campus, Inc.*, 115 N.E.3d 489, 498 (Ind. Ct. App. 2018) ("Because Metz failed to present the claim to a medical review panel and failed to file the claim in a timely manner, the court properly dismissed Metz's complaint against Medical Providers.").

[7] Plaintiffs' brief on appeal contains four arguments, but none of them is the argument raised in the trial court about whether Baptist should be estopped from asserting a statute of limitations argument by engaging in discovery and moving to intervene in Plaintiffs' trial court action against Charity.

proceedings." *McGill v. Ling*, 801 N.E.2d 678, 687 (Ind. Ct. App. 2004), *reh'g denied*, *trans. denied*. Plaintiffs note they designated the proposed complaints that they filed with the IDOI in response to Baptist's motion for summary judgment, but as we noted in *McGill*: "If we were to adopt McGill's assertion that a party does not waive a new argument raised for the first time on appeal simply because there are facts in the summary judgment record to support that argument, that would create an exception which swallows the waiver rule." *Id.* at 688. We accordingly hold Plaintiffs waived any possible argument that the tolling provision of the MMA saved their ordinary negligence claim from the two-year statute of limitations for bringing that action against Baptist. *See id.* ("Because McGill did not present her class action tolling argument to the trial court, and the Defendants did not have unequivocal notice of that claim, McGill has waived the issue for purposes of appeal.").

[15]   Here, as before the trial court, Plaintiffs argue Baptist's caselaw supporting dismissal is not on point, *see supra* fn.8, and therefore "Baptist has not offered any authority establishing it is entitled to summary judgment in this case." (Amended Br. of Appellants at 18.) Plaintiffs' assertion attempts to place a burden on Baptist that properly belongs on Plaintiffs – Baptist demonstrated that Plaintiffs' case sounded in ordinary negligence and that Plaintiffs failed to file their action in the trial court within the two-year statute of limitation for tort actions. The burden then shifted to Plaintiffs to demonstrate they were entitled to avoid that statute of limitations. *See City of Marion*, 169 N.E.3d at 390 (after movant makes prima facia showing that action was brought outside the statute

of limitation, the burden shifts to Plaintiff to "establish facts in avoidance of the statute of limitations defense"). Because Plaintiffs failed to cite the statute and make an explicit cogent argument for application of the MMA's tolling provision to their claims that sound in ordinary negligence, Plaintiffs have not met their burden, and we affirm the dismissal of Plaintiffs' complaint against Baptist.

[16] Before closing, we take a moment to remind practitioners that, since July 1, 1999, the MMA has permitted parties to "commence an action in court for malpractice at the same time the claimant's proposed complaint is being considered by a medical review panel." Ind. Code § 34-18-8-7. Doing so permits parties to avoid limitations issues of the sort that Plaintiffs face.

## Conclusion

[17] Baptist made a prima facie showing that it was entitled to summary judgment because Plaintiffs failed to file their ordinary negligence actions against Baptist within the two-year statute of limitations period for negligence actions. Plaintiffs did not meet their burden of demonstrating that limitations period was tolled, and we accordingly affirm the trial court's grant of summary judgment to Baptist.

[18] Affirmed.

Vaidik, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANTS

W. Edward Skees
The Skees Law Office
New Albany, Indiana


ATTORNEYS FOR APPELLEES

Rodney L. Scott
Tricia K. Hofmann
John R. Hofmann
Hofmann & Scott, LLC
New Albany, Indiana